## J. D. LYNCH V. ALEX. ORTLEIB & CO.

### No. 599.

1. **New Cause of Action—Landlord's Liability.**

In April, 1880, the walls of a leased house fell, injuring the property of a tenant. Suit was brought, upon the theory that the landlord was under obligation to repair the wall. Judgment was reversed. 70 Texas, 727. Plaintiffs after two years amended, alleging that after the defendant had notice that the wall had become unsafe, he "undertook to repair the same as aforesaid, and so negligently repaired the same that the said wall fell," etc. This amendment set up a new cause of action, and was barred by the statute of limitations of two years .................................... 591

2. **Jurisdiction of Supreme Court.**

The Court of Appeals reversed and remanded the case. The only question being as to the defense of limitations, there being no conflict as to the facts upon that issue, the decision practically settles the contention, and the Supreme Court has jurisdiction ......... ............................. 592

3. **Limitation—Nonresident Defendant.**

Limitation runs in favor of a nonresident defendant who shall remain without the State until the period of limitation has been completed.............. 592

4. **Cases Adhered to.**

Snoddy v. Cage, 5 Texas, 106; Love v. Doak, 5 Texas, 343; Moore v. Hendrick, 8 Texas, 253, adhered to ..... ................................. 592

APPLICATION for writ of error to Court of Civil Appeals, in an appeal from Dallas County.

*A. S. Lathrop, J. M. Hays,* and *H. G. Robertson,* for application.— There are but two questions in this case. If the Court of Civil Appeals is right in holding that the plaintiffs' cause of action is barred by the statute of limitations, and that the lower court ought to have given the charge asked to that effect, then this case ought to have been reversed and dismissed. If this court concurs in the view of the Court of Civil Appeals on this question, we have suggested in our petition for writ of error, if it be proper to do so, that the opinion on this writ of error be in writing. If this court differs from the Court of Civil Appeals on this question, then the writ of error ought to be granted; or if refused, because this court agrees with the Court of Civil Appeals on the other point, that is, as to the sufficiency of the charge on the question of the liability of the landlord in the case of a voluntary undertaking to repair, then this fact ought to be made known, so that the lower court would know how to proceed on another trial. In any event, we ask this court to give us the law of this case—a case which these plaintiffs have been prosecuting now for fifteen years, only to be told by the Court of Civil Appeals, without the citation of an authority or one line of argument, that it has been barred by the statute of limitations for the last twelve years. We are told that, too, in

the face of the fact that this case has been to the Supreme Court once before, and this same point was then in the record as now, but was not even dignified by being mentioned by the court, although a vital question, which, if decided then as now, would have ended this litigation years ago.

GAINES, CHIEF JUSTICE.—This suit was brought originally by plaintiffs in error to recover of defendant in error damages for an injury to a stock of merchandise, alleged to have been caused by the falling of the wall of a building which defendant had leased to plaintiffs. The accident occurred in April, 1880, and the original petition was filed on the 30th day of the same month. There was a trial before a jury, which resulted in a verdict and judgment for plaintiffs. This judgment was reversed by this court and the cause remanded. Lynch v. Ortleib, 70 Texas, 727. The case was first tried upon the theory that the defendant, as landlord, was under obligation to repair the wall. The court in the opinion cited held, in effect, that such was not his duty, and that the ruling of the trial court in that particular was error. In January, 1892, after the cause was remanded, the plaintiffs filed an amended petition, in which, among other things, it was alleged, that after defendant had notice that the wall had become unsafe he "undertook to repair the same as aforesaid, and so negligently repaired the same that said wall fell, as already pleaded." Upon this petition the plaintiffs again obtained a verdict and judgment in their favor, from which judgment an appeal was taken to the Court of Civil Appeals. The judgment was reversed by that court, and the cause was again remanded. This application is for a writ of error to the Court of Civil Appeals, in order to reverse their judgment.

The Court of Civil Appeals, construing the allegations just quoted as being equivalent to an averment that the defendant, in undertaking to repair the wall, had done the work in so negligent and unskillful a manner as to cause the wall to fall, held, that it set up a new cause of action. It is not quite clear that this construction is correct, but we deem the question unimportant. Giving to the averment every reasonable intendment, but taking it most strongly against the pleader, it may be doubted whether it amounts to any more than an allegation that the defendant had made a contract to repair, and failed to repair so as to prevent the fall of the wall. But however it is to be taken, we think it set up a new cause of action. If it was the intention to aver that there was a contract to repair subsequent to the lease, it was a new and independent contract. If the intention, on the other hand, was to allege that defendant caused the wall to fall, by an unskillful attempt to repair, it is a new ground of action. The statute of limitations having been pleaded, and the Court of Civil Appeals having

concluded that the new cause of action had not been set up until the last amended petition was filed, further held, that the suit was barred.

In order to show jurisdiction in this court, it is averred in the petition for a writ of error, that the ruling of the Court of Civil Appeals practically disposes of the litigation. So far as we can see, the conclusion of the Court of Civil Appeals is fatal to the case, and we therefore think that we have jurisdiction.

We are of opinion, however, that the writ of error should be refused. But there was still another ground upon which the Court of Civil Appeals held that the judgment should be reversed; and counsel in their application have therefore requested us, in the event we refuse the writ, to state the reasons for our refusal, so that in case we hold the action barred the plaintiffs may be saved the labor and expense of further prosecution of the suit. It is not practicable to give our reasons for refusing an application for a writ of error in every case; but under the circumstances of this case, the request is reasonable, and we therefore proceed to state briefly the grounds of our conclusion.

At the time the cause of action, if any, arose, the defendant was a nonresident of the State. He has ever since resided beyond its limits. That absence from the State under such circumstances does not suspend the running of the statute of limitations was held in Snoddy v. Cage, 5 Texas, 106, and the doctrine has been affirmed in subsequent decisions of this court. Love v. Doak, 5 Texas, 343; Moore v. Hendrick, 8 Texas, 253. A different construction seems to have been put upon similar statutes in other States. But since the decision of the cases cited, the twenty-second section of the statute of limitations of February 5, 1841, has been re-enacted in the Revised Statutes in substantially the same language, and it must be presumed that it was intended that it should receive the same construction. Compare Paschal's Digest, article 23, and Revised Statutes, article 3216. The plaintiff having been a nonresident of the State at the time the cause of action accrued, the running of the statute was not suspended. Whether treated as a suit for a breach of contract or as a tort, the new ground of action set up in the amended petition of January, 1892, was barred in two years. We find no error in the ruling of the Court of Civil Appeals upon this question; nor do we find error in its ruling upon the other question complained of, and therefore the application for a writ of error is refused.

*Application refused.*

Delivered March 18, 1895.