## JAFFRAY REALTY CO. v. SOLOMON'S ESTATE.

(Court of Civil Appeals of Texas. Austin. April 23, 1913. Rehearing Denied May 21, 1913.)

1. LIMITATION OF ACTIONS (§ 84*)—SUSPENSION OF LIMITATION — RESIDENCE BEYOND STATE.

When a defendant resides out of the state at the time a cause of action arises, such absence will not interrupt the running of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 439–448; Dec. Dig. § 84.*]

2. LIMITATION OF ACTIONS (§ 84*)—ABSENCE FROM STATE — SUSPENSION — CAUSE OF ACTION—ACCRUAL—ACTION ON JUDGMENT.

Since no action accrues to revive a judgment until it has become dormant, where the judgment debtor at that time had left the state and was residing in New York, his absence did not suspend the running of limitations, so that, where limitations had run against the action to revive at the time the judgment creditor sued for administration of his estate in Texas, the proceeding was barred.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 439–448; Dec. Dig. § 84.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Proceeding by the Jaffray Realty Company for foreign probate of the will of Joseph A. Solomon, deceased. From a decree denying the petition, plaintiff appeals. Affirmed.

H. C. Lindsey, of Waco, for appellant. D. A. Kelley, of Waco, for appellee.

KEY, C. J. In 1911 appellant, claiming to be a creditor, filed an application in the county court seeking to have the will of Jos. A. Solomon, deceased, probated and administration opened upon his estate. That court refused to probate the will, and the matter was carried by appeal to the district court, where judgment was again rendered refusing to probate the will, and an appeal has been prosecuted to this court. The learned district judge filed the following conclusions of fact and law:

#### "Findings of Fact.

"In this case plaintiffs are seeking to probate the will of Joseph A. Solomon and have letters of administration issued upon his estate in this county. Solomon at the time of his death was a citizen of the city and state of New York, and died there in 1910, at which time he owned real estate, situated in Waco, McLennan county, Tex., and the will which is sought to be probated here has already been admitted to probate in the state of New York, and Benjamin M. Solomon ap-

pointed and qualified as executor thereof, and he is contesting the probate of said will and the grant of letters of administration in this proceeding.

"E. S. Jaffray & Co. obtained a judgment for $3,691.41, drawing 8 per cent. interest per annum, against the firm of Lessing, Solomon & Rosenthal, of which Joseph A. Solomon was a partner, and against him individually, in the district court of McLennan county, Tex., on the 13th day of May, 1890, and upon said judgment an execution was issued on the 26th day of July, 1890, and no return thereof made, and no further execution has issued upon said judgment.

"Stowe, Bills & Hawley also recovered a judgment against said Lessing, Solomon & Rosenthal and said Solomon individually in the United States Circuit Court for the Northern District of Texas on the 19th day of November, 1891, for $4,668.06, with 8 per cent. per annum interest thereon, upon which judgment an execution issued on the 15th day of October, 1892, and an alias execution was issued on the 17th day of October, 1893, each of which was returned not satisfied, and no further executions have been issued upon said judgment. Plaintiffs claim to be the owners of such judgments, and therefore creditors of the estate of Joseph A. Solomon, deceased.

"Joseph A. Solomon lived in Waco, Tex., at the time of the obtaining of said judgments and continued to reside there until the fall of 1896 or 1897, when he sold his residence there and moved with his family to New York City, where he resided continuously from that time until his death in said city.

### "Conclusions of Law.

"Upon the foregoing facts I am of the opinion that plaintiffs' claims are barred by the statute of limitation, and hence that they are not entitled to have administration issued upon the estate of said Solomon in this county, or to have the will of said Solomon probated.        Marshall Surratt, Judge."

As it had the right to do, appellant has not brought up a statement of facts, and bases its appeal upon the judge's findings of fact and conclusions of law. At the submission, appellee tendered a statement of facts, but we have declined to consider it because it was not filed in this court in proper time.

### Opinion.

It is earnestly contended by counsel for appellant that Solomon's absence from the state, as disclosed by the trial court's findings of fact, interrupted and prevented the running of limitation, and therefore the court erred in holding that the two judgments referred to were barred by limitation.

[1] It is well settled in this state that, when a defendant resides out of the state at the time the cause of action arises, such absence from the state will not interrupt the running of limitation. Lynch v. Ortleib, 87 Tex. 592, 30 S. W. 545, and other cases therein cited; Haberman v. Hendrick, 66 S. W. 795.

[2] From this it follows that, if Solomon was residing outside of this state at the time a cause of action founded upon such judgments accrued, the indebtedness evidenced by the judgments was barred by limitation, and the trial court ruled correctly in refusing to probate the will. In Gale Manufacturing Co. v. Dupree, 146 S. W. 1048, this court held that, when ten years have elapsed after the issuance of execution upon a judgment, such judgment becomes dormant and a cause of action immediately accrues for the purpose of reviving the same; and that such cause of action would be barred at the expiration of four years after the right to sue upon it accrues, and that no suit can be founded upon such judgment until it becomes dormant. Counsel for appellant does not controvert the correctness of that holding, but contends that the cause of action based upon the judgments referred to existed immediately after the judgments were rendered, and that, as Solomon then resided in this state, his subsequent removal therefrom stopped the running of limitation. We do not agree with counsel as to when the cause of action arose, and we hold that no cause of action existed until the judgments became dormant, which was in 1900 as to one and in 1903 as to the other; and at that time Solomon resided in the state of New York, and continued to so reside up to the time of his death.

Counsel for appellant undertook in oral argument to distinguish between a cause of action and a right to sue, but we fail to perceive such distinction. The right to sue is what constitutes a cause of action; and, although an indebtedness may exist, such indebtedness does not constitute a cause of action until the creditor has a right to bring suit to enforce payment. Hence we hold that, as the judgments referred to were barred by limitation, no necessity was shown for probating the will and opening an administration in this state for the benefit of creditors; and from this it follows that the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.