COZIER et ux. v. ANDREWS et al.
(No. 401.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 28, 1918.)

1. LIMITATION OF ACTIONS ⬅➡127(14)—STATUTE OF LIMITATIONS—NEW CAUSE OF ACTION FOR PERSONAL INJURIES.

Where husband and wife, suing railroad and receiver for injuries to wife, originally alleged actual damages of $140, and exemplary damages of $300, amended petition, after court struck claim for exemplary damages, claiming $290 as actual damages, filed more than two years after cause of action accrued, set up new cause of action for actual damages in excess of $140, barred by two years' statute of limitations.

2. APPEAL AND ERROR ⬅➡1061(2)—DISPOSITION — REVERSAL OF DISMISSAL SUBSTANTIALLY REQUIRED.

On appeal from decree of dismissal, final in its nature, no reversal would be proper if dismissal was required in view of existing state of pleadings when order was entered, though there must have been error in sustaining particular exception to petition complained of by plaintiff.

3. RECEIVERS ⬅➡146—JUDGMENT AGAINST—PLEADING.

In suit for injuries against railroad and receiver, it being alleged that properties of road had been restored to it (not that receiver was ever discharged), but with assumed liability for all debts and damages during receivership, or that its revenues were expended by receiver in betterments, receiver himself should not be held liable in absence of showing of details of decree discharging him.

4. LIMITATION OF ACTIONS ⬅➡127(14) — STATUTE OF LIMITATIONS — NEW CAUSE OF ACTION — AMENDMENT TO MAKE RAILROAD AS WELL AS RECEIVER DEFENDANT.

Where suit for injuries was brought against railroad's receiver alone, but amended cause of action was based on joint negligence of receiver and railroad, such cause of action, so far as against railroad, was distinct from previous cause of action, and barred by two years' statute of limitations.

5. LIMITATION OF ACTIONS ⬅➡127(14) — STATUTE OF LIMITATIONS—ACTION AGAINST RECEIVER AND RAILROAD—AMENDMENT.

If plaintiffs were correct in contention that reference to pain and suffering, in original petition against receiver of railroad alone, controlled designation of damages as exemplary, fact would merely have allowed them to amend on same cause of action, and would not allow recovery, notwithstanding railroad's plea of limitations, on different cause of action, for greater amount of actual damages, and against both receiver and railroad.

6. LIMITATION OF ACTIONS ⬅➡127(11)—STATUTE OF LIMITATIONS—PLEADING NEW PROMISE OR ACKNOWLEDGMENT BY AMENDMENT.

Where a new promise or acknowledgment is pleaded by amendment to take a claim out of the statute, limitations will run against such new promise until the filing of the amendment.

Appeal from Jefferson County Court, D. P. Wheat, Judge.

Suit by Thomas Cozier and wife against Frank Andrews, receiver, and another. From judgment of dismissal, plaintiffs appeal. Affirmed.

W. W. Cruse and W. R. Blain, both of Beaumont, for appellants.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Andrews, Streetman, Burns & Logue, of Houston, for appellees.

BROOKE, J. This is a suit for damages for personal injuries received by Mamie Cozier, wife of Thomas Cozier, on or about November 14, 1913, brought against Frank Andrews, receiver of the Beaumont, Sour Lake & Western Railway Company for $140 actual damages, and alleging that by reason of the negligence of the defendant, its officers, agents, and servants, and the great pain and mental anguish they have been damaged in the further sum of $300 as exemplary damages, etc. The original petition was filed April 24, 1915, and plaintiffs' third amended original petition was filed December 17, 1917, wherein it was averred that the receivership of the said Frank Andrews had been dismissed, and that the property had been turned back to the Beaumont, Sour Lake & Western Railway Company, and judgment was asked against said railway company. Said cause was heard by the court on December 17, 1917, on general demurrer and special exceptions of the defendant Beaumont, Sour Lake & Western Railway Company to the plaintiffs' third amended original petition, and the court overruled the general demurrer and sustained all of the special exceptions of defendant to said petition, and the cause was dismissed. On the 19th day of December, 1917, plaintiffs filed a motion to set aside the said judgment and grant them a new trial. The motion was by the court, on the 28th of December, 1917, overruled, and plaintiffs in open court duly excepted, and gave notice of appeal, and have perfected their appeal to this court.

In appellants' first assignment of error the action of the court is challenged, as follows:

"The court erred in sustaining defendant's special exception, contained in paragraph 2 of its second amended original answer, because it is not true, as alleged in said special exception, that plaintiffs' cause of action for actual damages in excess of the sum of $140, as alleged in the fifth paragraph of plaintiffs' original petition herein, is barred by the two years' statute of limitation, for the reason that plaintiffs' original petition, having stated facts which constitute in law a good cause of action against the defendant, and the elements of actual damages only and upon which a recovery for actual damages only could have been had, the averment of the pleader that the damages sustained by her and claimed for her physical pain and mental anguish were exemplary, and the prayer for recovery as such does not change the legal effect of the facts stated in said original petition as to her cause of action, and plaintiffs' third amended original petition stating substantially the same facts as a basis for recovery, and with the averment that such pain and anguish suffered by her were actual damages, did not set up a new cause of action."

The second assignment of error will be considered in connection with the first assignment, and is as follows:

"The court erred in sustaining the special exception contained in the fourth paragraph of the defendant's second amended original answer to said third amended original petition, and in holding that this court was without jurisdiction in this cause, for the reason that it appears from the plaintiffs' original petition and from the facts alleged therein, as a basis for recovery, that the averments of the pleader to the effect that the plaintiffs had suffered actual damages in the sum of $140 and exemplary damages in the sum of $300 was merely a mistake of the pleader and would not alter the legal effect of the facts pleaded, which showed that the damages suffered and claimed and for which recovery was sought were actual damages, and, although said third amended original petition was filed more than two years after plaintiffs' cause of action accrued, yet the same did not set up a new cause of action, nor was the court without jurisdiction to try this suit, as the same was alleged and pleaded in plaintiffs' original petition, or as alleged and pleaded in plaintiffs' third amended original petition."

It is urged by appellants that, plaintiffs' original petition having stated a cause of action, the third amended original petition is only an enlargement of same, and does not set up a new cause of action; and that actual damages sought in paragraph 5 of the original petition are not limited to $140, and the pleading shows that there was mental anguish and pain suffered; and that the claim of actual damages changed from $140 in the original petition to $290 in the third amended petition does not set up a new or different cause of action under the facts as alleged; and that where an original petition claimed $300 as exemplary damages, charged to consist of negligence of the defendant, its officers, agents, and servants, and the great pain and mental anguish suffered, an amended petition dividing said sum of $300 claimed as exemplary damages, adding $150 of the same to actual damages for mental anguish and pain, and $150 thereof for exemplary damages, does not introduce a new cause of action.

On the contrary, it is urged that the action of the court in sustaining the exceptions of defendant to plaintiffs' third amended original petition, as contained in paragraph 2 of defendant's second amended original answer, was in all things justified, because, in view of the rule of construction of pleadings that the same must be construed strictly against the pleader in cases of special exceptions, it appears that plaintiffs' cause of action, in so far as she ever had any cause of action for actual damages, in excess of the sum of $140, was barred by the two years' statute of limitation, this being shown by reference to plaintiffs' petition in the case; and that this judgment being an appeal from a decree of dismissal, final in its nature, no reversal will be proper if the dismissal was required, in view of the existing state of the pleadings at the time the order was entered, notwithstanding the fact that there must have been error in sustaining the particular exception complained of in appellants' first assignment; and, since it appears upon inspection of plaintiffs' petition that it does not state a cause of action against either of the parties defendant, the court's action will

necessarily be upheld in dismissing the suit, when plaintiffs refused to amend.

[1] The original petition devotes the fourth paragraph to the averments of actual damages in detail. The fifth paragraph constitutes a résumé of the damages claimed, which includes $140 for actual damages, and $300 claimed as exemplary damages. The court decided that there were no allegations in the petition sufficient to support a recovery of exemplary damages, and pursuant to such holding was under the necessity of striking from the pleadings that portion of the claim for damages. The amended pleading seeking to meet this situation endeavored to split the $300 originally referred to as exemplary damages, and take on one-half of it to the previously mentioned $140 actual damages, in order to bring the amount up to $290, and within the jurisdiction of the county court. The court, in sustaining the exceptions complained of in appellants' first assignment of error, held, in substance and effect, that the cause of action for actual damages in excess of $140 was barred by limitation. To determine that this was the case, the court necessarily referred to the original petition already mentioned. Such reference revealed the fact that the $300 item, now sought to be split by appellant, included the claimed exemplary damages. If any part of it was intended to apply to exemplary damages, and not to pain and suffering, such part so applied could not be availed of subsequently as a claim that an additional amount could be recovered, notwithstanding the bar of limitation under the claim of actual damages. There was no basis in the first petition to determine what amount of the $300 would go to compensate for pain and mental anguish, even assuming that we allow plaintiffs this construction, and the court was required, in response to the exceptions, to hold that there was no previous effective suit for actual damages in excess of the amount of $140, and, so holding, the court was under the necessity of later dismissing the action, plaintiffs failing to amend.

[2] This judgment, therefore, being an appeal from a decree of dismissal final in its nature, no reversal would be proper if the dismissal was required in view of the existing state of the pleadings at the time the order was entered, notwithstanding the fact that there must have been error in sustaining the particular exception complained of in appellants' first assignment; and, it appearing from an inspection of plaintiffs' petition that it does not state a cause of action against either of the parties defendant, the court's action should be upheld, in our opinion, in dismissing the suit, when plaintiffs refused to amend.

[3] As to the receiver, it is alleged that the properties were restored to the railway corporation; but it is not alleged that the receiver was ever discharged. As to the cor-

206 S.W.—62

poration it is alleged that its properties were returned to it "with assumed liability for all debts and damages accruing during the pendency of such receivership," or that the revenues of the company, during the receivership, were expended by the receiver in betterments of the property. Clearly, the receiver should not be held liable under these allegations, since the properties had passed from his hands, and there being no showing whatever as to the details of the decree, under which the receivership was terminated, in our opinion, no court would, on such pleading, enter a judgment against the receiver. It then becomes a question whether or not a cause of action is stated as against the railway company. It is alleged that on or about November 14, 1913, and for many months prior to and since said date, defendants "did and *has* operated a line of railroad extending from Beaumont, in Jefferson county, Tex., to Houston, in Harris county, Tex., known as the Beaumont, Sour Lake & Western Railroad, and on the day and date aforesaid, operated a motor car over *its* said line of railroad for the conveyance of passengers." The next paragraph alleges that Mamie Cozier did on November 14, 1913, purchase a ticket from Beaumont to Houston, Tex., over the route of the Beaumont, Sour Lake & Western Railroad, and became a passenger between said two points on said railroad, and that "because of and on account of the negligence of the defendants, its agents, servants, and employés, * * *" plaintiff sustained certain damages alleged in detail.

[4, 5] Paragraph 4 of the petition alleges plaintiffs' theory for exemplary damages, being in part that "Mamie Cozier is a negro, and the defendants knowing the same," etc. Thus, it is seen that as against the Beaumont, Sour Lake & Western Railroad Company the cause of action is predicated upon an operation directly of the properties and of a direct breach of duty toward Mamie Cozier, and is not predicated upon any theory that the railway company would be liable for the receiver's breach of duty. In paragraph 5 of plaintiffs' petition this language is used:

"Because of the willful negligence of its officers, agents, and servants as aforesaid, she has been damaged in the further sum of $150."

This was intended, clearly, to refer to the officers, agents, and servants of the railway corporation; the theory evidently being that the principal would necessarily have to respond in damages on account of a breach of duty by its agent. Now, the original petition shows that the railway company was not then a party to the suit, and the original suit was predicated upon the negligence of the receiver, its officers, agents, and servants. This consideration supports the action of the court in holding that limitation had barred the claim for actual damages set up in the amended pleading in excess of $140. The reason for this is that the original cause of ac-

tion being based upon the negligence of the receiver, his servants and agents, the amended cause of action is based upon joint negligence of the receiver and the railway company, their servants and agents, and in so far as being a cause of action against the railway corporation, it is distinct and different from the previous cause of action, because theretofore no cause of action had been asserted against the receiver or the railway corporation in any sense based upon negligence of such railway corporation, its servants and agents, either in whole or in part.

Upon a careful examination of the pleading, we are of the opinion that these assignments must be overruled.

Since the petition upon which the plaintiffs elected to stand attempts to allege a cause of action based upon a breach of duty joint in its nature, and in so far as it alleges any cause of action against the railway corporation, it is based upon a breach of duty in which the agents and servants of said railway corporation were supposed to have participated, and since there does not appear in the petition any averments upon which liability of the railway company for any breach of duty of the receiver, his agents and servants, could be predicated as against the railway corporation, the trial court was correct in holding that the two years' statute of limitation had barred the claim for actual damages in excess of $140, since as a matter of law the entire action was barred as regards the corporation, even though under proper allegations a cause of action not subject to the bar could have been stated.

Assuming that appellant is correct in the contentions that reference to pain and suffering in the petition would control the designation of the damages as exemplary damages, this conclusion would merely have allowed an amendment upon the same cause of action asserted originally against the receiver. It would not allow a recovery notwithstanding the plea of limitations upon a different cause of action. Testing whether or not the amended pleading sets up a new cause of action, it appears from the pleadings that the receiver alone was concerned in the first action; but in the second the corporation is brought in as an active party, supposed to have been operating its properties, either jointly with the receiver, or through its own servants and agents, independently of the receiver. The negligence referred to in the amended pleading is negligence of the corporation. This conclusion is unavoidable in view of the use of the word "its." Furthermore, the amended pleading does not allege the appointment or qualification of a receiver. It does not allege a contract with the receiver whereby Mamie Cozier was to be carried from Beaumont to Houston, but does allege that she bought a ticket, and leaves the implication open that if she contracted with anybody for this transportation it

was with both of the defendants, or with the railway corporation, and it is necessarily conclusive that this is not the same cause of action originally sued on. Western Union Tel. Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8. That plaintiffs' amended petition sets up a new cause of action so that the railway corporation is clearly entitled to the plea of limitations, see Connoly v. Hammond, 58 Tex. 11; Beal v. Alexander, 6 Tex. 531; Woods v. Huffman, 64 Tex. 98; Morales v. Fisk, 66 Tex. 189, 18 S. W. 495; Tribby v. Wokee, 74 Tex. 142, 11 S. W. 1089; Ry. Co. v. Buckalew, 34 S. W. 165; Bigham v. Talbot. 63 Tex. 271. See, also, Ry. Co. v. Scott, 75 Tex. 84, 12 S. W. 995; Lynch v. Ortleib & Co., 87 Tex. 590, 30 S. W. 545; Phoenix Lbr. Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707.

[6] Where a new promise or acknowledgment is pleaded by amendment for the purpose of taking a claim out of the statute, limitations will run against such new promise until the filing of an amendment. Erskine v. Wilson, 20 Tex. 77.

In our judgment, from an examination of the record, there was no error in the action of the lower court, and it is therefore in all things affirmed.