GRAHAM v. ENGLEMANN.

(District Court, S. D. Texas, at Houston. February 12, 1920.)

No. 227.

1. LIMITATION OF ACTIONS ⬤⇒5(1)—LAW OF FORUM GOVERNS CONSTRUCTION.

In construing statutes of limitation, the forum governs in construing exception to the bar fixed by the statute, as well as in interpreting the actual bar itself.

2. COURTS ⬤⇒366(13)—CONSTRUCTION OF LIMITATION LAW BY HIGHEST STATE COURT GOVERNS FEDERAL COURT.

In construing a state statute of limitation, a federal court is governed by its construction by the highest state court, when not in conflict with the federal Constitution, treaties, or laws, but a federal court is not controlled by mere dicta or implications from opinions by the state court.

3. LIMITATION OF ACTIONS ⬤⇒87(1)—EXCEPTION REGARDING TEMPORARY ABSENCE FROM STATE NOT RESTRICTED TO RESIDENTS.

Under Rev. St. Tex. art. 5702, providing that limitation shall not run during a defendant's temporary absence from the state, etc., the question of the defendant's residence in the state is immaterial in determining the application of the statute, but its applicability depends on the presence of the defendant in the state, either at the time the cause of action accrued or the right arose out of which the cause of action grew.

At Law. Action by Mrs. M. E. Graham against J. C. Englemann, Jr. Judgment ordered for plaintiff.

Hutcheson, Bryan & Dyess, of Houston, Tex., for plaintiff.

Andrews, Streetman, Logue & Mobley, of Houston, Tex., for defendant.

HUTCHESON, District Judge. The gist of plaintiff's action is a claim that, induced by the fraudulent representations set out in her petition, she purchased from the defendant a certain tract of land in Texas, said land being not of the value or kind represented by the

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant, to her resulting damage. The defendant denies generally, and pleads the statutes of limitation of two and four years, to which the plaintiff replies that the defendant's absences from the state have, under article 5702, Revised Statutes, tolled the statute sufficiently to prevent the bar.

I find with the plaintiff upon her claim of deceit and damage, and I also find that, since plaintiff's cause of action accrued, the aggregate of defendant's absences from the state has been such that, if those periods are not counted against the plaintiff, her action has not been barred.

The defendant claims that the statute has no application to the defendant, for the reason that the courts of Texas have construed the statute as applicable only to resident debtors, while the defendant is not, and never has been, a resident of the state of Texas. The plaintiff claims that, under both the literal words of the statute and the settled construction given such statute, it does apply. Upon the question of the application of the suspensory statute the grave controversy in this case arises.

[1] It is not disputed that the general rule which controls this case is that, where statutes of limitation are invoked, the lex fori governs as well in matters of exception from the bar fixed by statute as in matters of the actual bar itself. 25 Cyc. 1019, 1020. Article 5702, Revised Statutes, was enacted on the 5th of February, 1841, and has been carried in the statutes ever since, with no change in its phraseology. It reads as follows:

Art. 5702 (3367). *"Time of Temporary Absence Not Counted.* If any person against whom there shall be cause of action shall be without the limits of this state at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the state, and the time of such person's absence shall not be accounted or taken as a part of the time limited by any of the provisions of this title. (Act Feb. 5, 1841, sec. 22, P. D. 24.)"

Provisions in statutes of limitation tolling the statute because of absence of the debtor or obligor find their origin in the statutes of 4 and 5 Anne (25 Cyc. 1128), which statute declares that, if any person against whom there shall be any cause of action be, at the time such action accrues, beyond the seas, the action may be brought against him upon his return within the time limit for bringing such action. Under this statute the English courts have held that the exception is not limited to citizens, residents, or persons who have before the accrual of the cause of action been within the jurisdiction, but that the exception applies to all persons, irrespective of their former presence within the realm. This statute has been adopted with varying phraseology in the various states of the Union, and where the words of the statute do not expressly confine its application to residents, the construction given by the English courts is followed. 25 Cyc. 1237. See dissenting opinion, Snoddy v. Cage, 5 Tex. 106.

The defendant concedes the general rule, but, asserting that the courts of Texas have adopted a different construction, invokes the

settled rule that United States courts will follow the construction given by the Supreme Court of the state to the statutes of limitation of that state.

[2] It must be conceded that the decisions of the highest court of the state upon the construction of a state statute of limitation, where not in conflict with some principle of the United States Constitution, treaties, or acts of Congress, conclude this court in law cases. Ennis Waterworks v. Ennis, 233 U. S. 656, 34 Sup. Ct. 767, 58 L. Ed. 1139; Alice State Bank v. Houston Pasture Co., 247 U. S. 240, 38 Sup. Ct. 496, 62 L. Ed. 1096; Dibble v. Bellingham Bay Land Co., 163 U. S. 64, 16 Sup. Ct. 939, 41 L. Ed. 72; Quinette v. Pullman Co., 229 Fed. 333, 143 C. C. A. 453; City of Memphis v. Board of Directors (D. C.) 231 Fed. 217. This rule, however applies alone to decisions of the highest court of the state. U. S. Tel. Co. v. Central Tel. Co., 202 Fed. 66, 122 C. C. A. 86; Patapsco Water Co. v. Morrison, 18 Fed. Cas. 1284, No. 10792; Freund v. Yaegerman (C. C.) 27 Fed. 248.

In Continental Securities Co. v. Interborough R. T. Co. (C. C.) 165 Fed. 959, the court says:

"The highest court of the state of New York is our Court of Appeals. * * * The federal courts are not bound by any decision of any Appellate Division of the Supreme Court. * * * The Appellate Divisions cannot convert themselves into the highest court of the state, or into courts of 'last resort,' * * * by exercising a discretion in refusing leave to prosecute actions."

In Federal Lead Co. v. Swyers, 161 Fed. 689, 88 C. C. A. 548, the court says:

"The decisions of the Missouri Courts of Appeals, while entitled to respectful consideration, are not the decisions of the highest judicial tribunal of the state, which are alone binding on the federal courts in their construction of local statutes."

Nor are the federal courts controlled by mere dicta of a state court. Carroll v. Carroll, 16 How. 275, 14 L. Ed. 936; Matz v. Chicago R. R. (C. C.) 85 Fed. 180; In re Sullivan, 148 Fed. 815, 78 C. C. A. 505; Southern R. R. v. Simpson, 131 Fed. 705, 65 C. C. A. 563. Nor does a construction of a statute, based merely upon implications from the language of a judicial opinion, control the federal court. Cæsar v. Capell (C. C.) 83 Fed. 403; Adelbert College v. Wabash R. R., 171 Fed. 810, 96 C. C. A. 465, 17 Ann. Cas. 1204.

Applying these principles to this case, it will appear that, if the Supreme Court of Texas has established a settled rule of construction of this statute upon facts substantially identical with those at bar, though that rule be contrary to the received and settled rule of construction elsewhere, this court is bound to follow the Texas rule. On the other hand, this court is at liberty to follow the general rule of construction, if the decisions of the state of Texas relied upon by the defendant are either decisions of inferior courts, constitute merely dicta of the Supreme Court, or merely give rise to implications which might result from following the judicial expression to its logical conclusion, when applied to other facts than those adjudicated.

[3] A careful review of the authorities cited convinces me that the

Supreme Court of Texas has never passed upon facts identical with those at bar, and that it has never established a rule of construction for this case to which I am committed. It is true that the Texas courts have often used the words "resident" and "nonresident" in applying the statute, but they have never denied the application of the statute under facts such as those in this case.

I find that the defendant is not and never has been a resident of Texas, but that he was in the state of Texas at the time the right which underlies plaintiff's suit was conferred upon her, and at the time when the cause of action which plaintiff asserts accrued, and I am of the opinion that no decision of the Supreme Court of Texas deprives her of the benefit of this statute. A brief review of these decisions will, I think, make clear the correctness of this position.

In Snoddy v. Cage, 5 Tex. 106, Love v. Doak, 5 Tex. 343, and Moore v. Hendrick, 8 Tex. 253, the point decided was that the statute could have no application to a person who had never been in Texas, and therefore could not be said to have returned. While in all these cases dicta were used tending to restrict the statute to residents of the state, in the last-named case the following language was used:

The statute is "restricted to causes of action against persons *who had been within the limits of the Republic, had absented themselves and had returned;* * * * that no one could be said to return to a country in which he had never been present." (Italics mine.)

In Fisher v. Phelps, 21 Tex. 55, the court held the statute applicable to a person who had been in the state, had removed out of it, and had returned, though the opinion did use this dictum:

"This exceptional provision includes, as we have decided, only persons who were residents of the state."

In Lynch v. Ortlieb, 87 Tex. 590, 30 S. W. 545, the point decided was that, the defendant being outside of the state when the cause of action arose, and having never since resided here, the statute did not apply. Jaffray v. Solomon's Estate (Tex. Civ. App.) 157 S. W. 170, merely holds that a person outside of the state at the time a cause of action to revive a judgment accrued was not within the terms of the statute.

Wilson v. Daggett, 88 Tex. 375, 31 S. W. 618, 53 Am. St. Rep. 766, the leading case on the subject, held that limitation was not suspended, where adverse possession had been taken by a nonresident through a tenant or agent; the nonresident not being in the state at the time possession was taken, and only coming to the state afterwards on business for a temporary purpose.

In Huff v. Crawford, 88 Tex. 368, 30 S. W. 547, 53 Am. St. Rep. 763, the court says:

"If the defendants were residents of the state, or were within the state at the time the adverse possession was taken by their agent, the statute would apply." (Italics mine.)

In the same case the court further says:

"The plaintiffs had failed to show that Brush was a resident of the state, or that he was within the state at the time he took possession by his tenants

of the property in suit. * * * If Brush was a nonresident *and absent* from the state at the time the cause of action accrued against him, his absence was not to be accounted against him." (Italics mine.)

In Tourtelot v. Booker ('Tex. Civ. App.) 160 S. W. 293, and Pollard v. Allen (Tex. Civ. App.) 171 S. W. 530, the party against whom the suspension was claimed was not within the limits of the state at the time the right or the cause of action accrued. In Watts v. McCloud ('Tex. Civ. App.) 205 S. W. 382, the court held that the defendant had a residence in the state, and that therefore the statute would apply.

In Ayers v. Henderson, 9 Tex. 540, the defendant had executed a note, and prior to its maturity and before any cause of action had arisen on it, had left the state, suit being brought upon the note and the defense of limitation being interposed, plaintiffs successfully invoked the application of the suspensory statute; the Supreme Court holding that the statute was ·passed for 'the benefit of resident creditors, and that it suspended limitation as to the debtor, though the debtor was not a resident of the state of Texas when the cause of action on the note accrued, and never had returned to the state after the accrual of such cause of action.

In the case at bar the defendant was in the state when he spoke the words of deceit which gave plaintiff her cause of action, and was in the state when her cause of action for deceit accrued, and I do not think it arguable that the principle of Ayers v. Henderson does not affirmatively apply. The only case cited by the defendant in which his position is sustained is the case of Cotton v. Rand (Tex. Civ. App.) 29 S. W. 682, in which the Court of Civil Appeals, an inferior appellate court, held, directly contrary to the opinion of the Supreme Court in Ayers v. Henderson, supra, that the statute had no application to a person who executed a contract while in the state, but who left the state before a cause of action accrued on the contract. For the reason, not only that this opinion is an opinion of an inferior court and not binding on this court, but also is contrary to the opinion of the Supreme Court of Texas, the rule enunciated in Cotton v. Rand will not be followed here.

In discussing these decisions I have confined my analysis strictly to the point of decision in each case, because the expressions in them by way of dicta do not bind this court. Adverting, however, to those expressions, it is my view that, though there runs through all the opinions of the Supreme Court the expression that this statute is applicable to residents, and not to nonresidents, there also runs with equal definiteness, though perhaps with not the same frequency, the assertion that the only thing necessary to make the statute applicable is the fact that either the right which underlies the cause of action or the cause of action itself shall have accrued to the plaintiff while the defendant was in the state. In short, the spirit of the statute, as construed by our courts, seems to be that there is a kind of virtue in the fact that the right of plaintiff shall spring on Texas soil, and that the Texas courts feel bound to apply the statute to all those persons who, within the confines of Texas, assume obligations or give rise to causes of action, and thereafter leave the jurisdiction.

Attenuated as this point may seem, it must be borne in mind that the Texas decisions are a departure from the general rule giving the statute application to debtors of all kinds, and that the genesis of the Texas rule is to be found in the two distinct and not inconsistent policies, the first enunciated in Snoddy v. Cage, 5 Tex. 106, that the early legislation was designed to favor and promote immigration, and not to keep alive causes of action against immigrants (that is, those who had never been in the state), and the second enunciated in Ayers v. Henderson, 9 Tex. 540, that the policy of the state was to protect citizens against absentees from the Republic (that is, those who had been here, caused rights to arise, and then absented themselves).

Bearing these two principles in mind, a complete and acceptable doctrine is worked out, when it is declared that the Texas statute has no application to persons who were not in the state when either the right or the cause of action accrued, but that it has application to any person who while on Texas soil incurred an obligation, either in tort or on contract or while on Texas soil breached an obligation, though the obligation was incurred elsewhere.

I therefore reach the conclusion, and so hold, that the question of residence in the state is wholly immaterial in determining the application vel non of the statute, but that the controlling question under the Texas decisions is the presence of the defendant in the state, either at the time of the accrual of the right out of which the cause of action grew, or at the time of the accrual of the cause of action itself. So believing. since I find that the defendant was in the state of Texas, both at the time the right of plaintiff was created and at the time her cause of action accrued, I hold the statute applicable, that the plaintiff's cause of action is not barred, and that the plaintiff is entitled to recover upon her action for deceit the sum of $4,000 and interest; and it will be so ordered.