## WM. BONDIES & CO. v. BASSEL–FLEWELLEN et al.

### No. 7448.

Court of Civil Appeals of Texas. Austin.
April 30, 1930.

Rehearing Denied June 11, 1930.

D. A. Frank and W. P. Bondies, both of Dallas, for appellant.

A. L. Curtis, Clem C. Countess, and F. W. Burford, all of Belton, for appellees.

BAUGH, J.

Neal Bassel and F. C. Flewellen, resident citizens of Bell county, Tex., composing appellee partnership, filed this suit on December 1, 1917, in the district court of Bell county, against Wm. Bondies, doing business as Wm. Bondies & Co., alleging a breach by Bondies of a contract to sell and deliver to appellees 10 cars of hay at Belton, in Bell county, Tex.; and seeking damages in the sum of $1,750, resulting from such breach. Citation was served upon appellant in Grayson county, Tex., in August, 1928. Trial was to the court without a jury in June, 1929, and judgment rendered for the full amount of appellees' demand together with interest thereon from December 1, 1917.

Among other defenses, appellant urged a plea of limitation and that appellees had not commenced and prosecuted their suit, within the contemplation of the statute, in such manner, nor with such diligence as to toll the statute of limitations against their cause of action.

 The original petition of plaintiff is not in the record. The amended petition on which the case was tried was filed on April 23, 1921. It alleged that appellant resided in Bryan county, Okl., but that he "may be temporarily found in Grayson County, Texas, where service may be had on him." Appellees' suit against appellant was purely a personal action against a nonresident of the state; and appellant's place of residence in Bryan County, Okl., was at all times known to appellees. He had no residence in Texas for any purpose, nor a place of business in this state. So long as he remained outside of the confines of this state the district court of Bell county had no jurisdiction over his person and could acquire none by any process it could issue. Kern Barber Supply Co. v. Freeze, 96 Tex. 517, 74 S. W. 303. It is now well settled that limitation runs in favor of a nonresident of the state who remains without the state until the period of limitation is completed. Lynch v. Ortleib, 87 Tex. 590, 30 S. W. 545; King v. Scott (Tex. Civ. App.) 269 S. W. 467, 470, and cases there cited. Appellees had no method whatever of securing valid process on appellant at his domicile, their only chance to acquire jurisdiction over him being by serving him in some county in Texas, in case he should be temporarily found in the state. This appellees were not able to do for approximately eleven years after their suit was filed. The trial court having no jurisdiction over appellant, and no reasonable expectation of obtaining any, except by mere chance, the mere filing of said suit did not, we think, interrupt the running of the statute of limitations.

 But if it be conceded that the filing of such suit did interrupt the running of said statute, we think the record does not sustain the trial court's findings that appellees commenced and prosecuted their suit with such diligence as would toll the statute. The district court of Bell county held four terms each year (Acts 4th Called Sess. 35th Leg. (1918), p. 60, c. 33). Suit was filed December 1, 1917. No citation was issued until September 5, 1918, after three terms of court had expired. Notice to serve nonresident defendant had been issued immediately, it is true, but in a personal action against a nonresident of the state it was a nullity. A judgment based upon such service would have been void. San Bernardo Townsite Co. v. Hocker (Tex. Civ. App.) 176 S. W. 644; Mabee v. McDonald, 107 Tex. 139, 175 S. W. 676; Id., 243 U. S. 90, 37 S. Ct. 343, 61 L. Ed. 608, L. R. A. 1917F, 458. Nor would the issuance and service thereof be even the commencement of a suit so as to toll the statute of limitations. Kern Barber Supply Co. v. Freeze, supra.

██ Additional citations to Grayson county, Tex., were issued once each year for the years 1919, 1920, 1921, 1923, and 1928. From March, 1923, to May, 1928, though twenty terms of said court had expired, no action whatever seems to have been taken in said case, other than that testified to by one of appellees' attorneys, as follows:

"We continued to issue these, and I had one issued in 1921, possibly in 1922, and I kept inquiring about Mr. Bondies being about

Denison and Sherman, and it is my recollection that in 1923 I was advised that he wasn't seen about there as much as he had been probably during 1920, 21 and 1918, when the hay and grain market was more or less active; but that probably in 1923 and 1924 he wasn't about much and in 1925 I had opportunity to send a man to Denison and he inquired around and he reported back to me that the officers around there didn't think they could get service and that's one reason why I didn't have citation issued at that time during 1923, '24 and '25. I think it was the latter part of 1925 that I sent this party over there and he reported that the officers didn't think they could get service. Then in 1927 I sent another inquiry over to the secretary over there and he reported back that the information he got was that we wouldn't be able to get service. In 1928 I had two citations issued and sent a man to Denison and he brought the service back. I don't know just how he happened to get service. Of course, he didn't serve the papers himself. The reason that citation wasn't issued from 1922 to 1928 or from 1923 to 1928 was that the information we had was that we would probably not be able to get service."

From the foregoing it appears that only two efforts of any kind were made during said five-year period; and these were not efforts to obtain service, but merely to ascertain if there was a chance or possibility of serving appellant at a place entirely away from the county of his residence. Such efforts cannot be construed in any manner as continuing diligence to obtain service on the defendant. Austin v. Proctor (Tex. Civ. App.) 291 S. E. 702, 703.

Appellant was induced to come to Grayson county, Tex., in August, 1928, by fraudulent representations, and upon his arrival there was served with citation. Whether this method amounted to acquiring jurisdiction over his person by fraud, such as would vitiate the service, we find it unnecessary to decide. But the uncontradicted testimony was that service upon him through the same deception or ruse could just as easily have been obtained ten years before. There was, we think, no such diligence shown by appellees in the prosecution of their suit as would toll the statute of limitations against their claim.

As above stated, we are clear in our opinion that even where a court of this state has jurisdiction of a cause of action, purely personal in character, the holder thereof cannot toll the statute of limitations in favor of a nonresident of the state, who remains continuously without the state, by filing suit thereon and continuing same on the docket indefinitely (in this case for forty terms of court), in the hope that he may some day be able to serve such nonresident while temporarily in this state. He files such suit subject to having it barred by limitation in case he fails to get service within the statutory period.

In either event, however, appellant's plea of limitation was, we think, conclusive. For the reasons stated the judgment of the trial court is reversed, and judgment here rendered in favor of appellant.

Reversed and rendered.