**ZARATE et al. v. ATECA et al.**

No. 3443.

Court of Civil Appeals of Texas. El Paso.

Nov. 25, 1936.

Rehearing Denied Dec. 17, 1936.

630

J. U. Sweeney and J. E. Quaid, both of El Paso, for plaintiffs in error.

W. H. Fryer, R. E. Cunnningham, and Coyne Milstead, all of El Paso, for defendants in error.

HIGGINS, Justice (after stating the case as above).

In view of his status as a nonresident of this state, it is thoroughly settled the filing of the suits against Ateca did not suspend the running of the statute of limitations in his favor. Lynch v. Ortlieb, 87 Tex. 590, 30 S.W. 545; Veeder v. Gilmer, 103 Tex. 458, 129 S.W. 595; Wm. Bondies & Co. v. Bassel-Flewellen (Tex. Civ.App.) 28 S.W.(2d) 1109, and other cases cited in 28 Tex.Jur., p. 234, note 5.

Plaintiffs in error seek to avoid the plea of limitation upon the theory that Ateca held in trust the assets of the partnership and corporation and the statute of limitations for that reason did not run against the suits for accounting. The petitions upon which the suits were filed set up the same cause of action as was set up in the original petitions. The statute certainly commenced to run when the suits were filed and more than four years elapsed between the filing of the suits and the issuance and service of citation upon Ateca.

The court, therefore, properly sustained Ateca's plea of limitation and rendered judgment in his favor.

The corporation is named as one of the defendants in the second suit, but no relief against it was prayed and no facts are alleged showing any cause of action against it. The facts alleged show conversion by Ateca to his own use of property belonging to the corporation. Possibly the petition might be construed as alleging facts showing the Corporation should distribute its assets among its stockholders but the courts of Texas will not undertake to exercise visitorial powers over a Mexican corporation and interfere in matters relating to its internal management and affairs. 14A C.J. Corporation, § 4035. For a Texas court to undertake to compel the Corporation to so distribute its assets would contravene the rule stated. Id. § 1438; Sidway v. Missouri, etc. (C.C.) 101 F. 481; Wilkins v. Thorne, 60 Md. 253; Redmond v. Enfield Mfg. Co. (N.Y.) 13 Abb.Prac.(N.S.) 332; Barclay v. Talman, 4 Edw.Ch.(N.Y.) 123.

Affirmed.