**Steven Dale SHANKLIN, Plaintiff,**

v.

**Michael J. FERNALD, Agent McKinnies, Harlan Carter, John Doe # 1, Austin American–Statesman, Cox Enterprises, Steven Kreytak, KLBJ AM Newsradio 590, Emmis Austin Radio Broadcasting Co. LP, John Doe # 2, John Doe # 3, John Doe # 4, and John Does # 5, # 6, # 7, # 8, and # 9, Defendants.**

**No. A–07–CA–282–LY.**

United States District Court,
W.D. Texas,
Austin Division.

Jan. 28, 2008.

Steven Dale Shanklin, Anthony, NM, pro se.

## ORDER

LEE YEAKEL, District Judge.

BE IT REMEMBERED on the 28th day of January 2008, the Court reviewed the file in the above-styled cause, and specifically Plaintiff's original complaint [# 1], the Rule 12(b)(6) Motion to Dismiss [# 7], filed by Defendants Austin American–Statesman, Cox Enterprises, and Steven Kreytak (the "Statesman Defendants"), Plaintiff's response [# 20], the Statesman Defendants' reply [# 23], Plaintiff objections thereto [# 26], Plaintiff's affidavits in support of his response [# 24] and the Motion to Dismiss or for Summary Judgment [# 39], filed by Defendants Fernald, McKinnies and Carter (the "Government Defendants").[1] Having considered the complaint, the motions, the response, the reply, the relevant law, and the case file as

---

1. Plaintiff requests additional time to file his response to the Government Defendants' motion. The Government Defendants' motion was filed on October 1, 2007. Plaintiff was granted an extension of time until December 28, 2007, to file a response. Plaintiff has been given more than enough time to file a response.

a whole, the Court now enters the following opinion and order.

## I. Background

Plaintiff alleges IRS Agent McKinnies signed summonses as both requesting and authorizing agent. He contends McKinnies' failure to obtain proper signatures rendered the summonses invalid and unenforceable as a matter of law. Plaintiff asserts his private papers, records or information obtained pursuant to the summonses were unlawfully introduced in grand jury proceedings. Plaintiff maintains McKinnies' negligent acts of issuing illegal summonses occurred in the years 1999 through 2003 and resulted in the violation of Plaintiff's constitutional rights.

Plaintiff further alleges Agents McKinnies and Fernald violated his constitutional rights because he was falsely arrested and imprisoned. Plaintiff claims the arresting officers knew or should have known Plaintiff denied having any income tax liability and demanded written determinations that Plaintiff was subject to or liable for a federal income tax. Plaintiff asserts Agents McKinnies and Fernald knew or should have known Plaintiff had stated his intention to obey all laws and to pay any taxes he was legally obligated to pay. Plaintiff contends this shows Plaintiff was not willfully violating 26 U.S.C. § 7201. Plaintiff also alleges Agents Carter, McKinnies, Fernald and John Doe # 1 conspired to deprive Plaintiff of his equal protection under the law on account of his classification as a "tax protestor."

Plaintiff also accuses Agent Carter and John Doe # 1 of unlawfully disclosing the plaintiff's tax return or return information, obtained by them in connection with their service with the IRS, in either their official or individual capacities in violation of section 6103 and section 7213 of the Internal Revenue Code. The tax return information included his earnings, age, and identity.

Plaintiff claims these disclosures were made to Defendant Steven Kreytak. Defendant Kreytak is a reporter for the Austin American–Statesman. Defendant Cox Enterprises is essentially the parent company for the daily paper. Defendant Kreytak authored a story about Plaintiff's federal criminal indictment on tax evasion charges. The title of the article was "IRS: Man refused to pay his taxes." The Statesman article at issue, in describing the content of Plaintiff's indictment, included information from the indictment, such as his income for the years in question: $876,398 in 1998, $770,504 in 1999, and $681,966 in 2000. The article also stated that the maximum penalty faced by Plaintiff was up to five years in prison on each of the three counts of tax evasion. The article indicated Plaintiff was "among the 300 or so people each year who fail to file tax returns or cite frivolous arguments in their returns and are subsequently prosecuted in federal court." Agent Carter is quoted in the article as saying, "[t]he IRS tries to draw attention to those cases to deter others from buying into bogus tax-avoidance techniques pitched in seminars, in books and on the Internet." Carter was identified in the article as the special agent in charge of the San Antonio field office of the IRS Criminal Investigations Division. The article was published on the internet on April 12, 2005, and in print on April 13, 2005. The article was allegedly discussed on KLBJ Newsradio 920 by unnamed radio personalities identified as John Does 2–4 (the "KLBJ Defendants") on April 13, 2005.

Plaintiff contends the article and related discussion on the radio defamed him and contaminated the jury pool. He claims he had no other choice but to plead guilty under duress. Plaintiff pleaded guilty to

count one of the indictment. As a result, he was sentenced to 60 months imprisonment, 3 years supervised release, $100 special assessment, and $425,565.00 restitution. *See United States v. Shanklin,* No. A–05–CR–064–SS (W.D.Tex. Oct. 5, 2005) (judgment and commitment).

Plaintiff sues Agent Fernald, Agent McKinnies, and Agent Carter (the "Government Defendants"); the Austin American–Statesman, Cox Enterprises, and Steven Kreytak (the "Statesman Defendants"); KLBJ AM Newsradio 590, Emmis Austin Radio Broadcasting Co., LP, and the unnamed radio personalities identified as John Does #2–4 (the "KLBJ Defendants"); and John Does #1, 5–9. Plaintiff seeks a declaratory judgment, actual damages in the amount of $11,200,000.00 and punitive damages in the amount of $33,600,000.00, and injunctive relief.

The Court ordered service on the Government Defendants and the Statesman Defendants but did not order service on the KLBJ Defendants or the defendants identified as John Does #1–9. The Court informed Plaintiff service on the defendant identified as John Doe #1 would be ordered when said defendant was identified. As Plaintiff never identified John Doe #1, service was never ordered. Accordingly, Plaintiff's claims against Defendant John Doe #1 will be dismissed without prejudice for want of prosecution.

The Government Defendants and the Statesman Defendants move to dismiss Plaintiff's complaint. Alternatively, the Government Defendants move for summary judgment.

## II. Analysis

■ An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle,* 788 F.2d 1116, 1119 (5th Cir.1986).

In deciding whether to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the Court must take the factual allegations as true, resolving any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993). The Court should then dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.,* 83 F.3d 96, 98 (5th Cir.1996). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party based upon the record evidence before the court." *James v. Sadler,* 909 F.2d 834, 837 (5th Cir.1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving

party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. FED.R.CIV.P. 56(c); *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256–57, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996).

### A. *Defamation*

Plaintiff's defamation claims are barred by limitations. The article underlying Plaintiff's complaint was first published in the *Austin American–Statesman* in its internet and print editions on April 12 and 13, 2005, and was discussed on KLBJ AM 590 on April 13, 2005. Plaintiff executed his original complaint nearly two years later on April 10, 2007. While a Rule 12(b)(6) motion is generally decided based on the face of the complaint, the Court may also consider an undisputedly authentic document that the defendant attaches to the motion to dismiss, when a plaintiff's claims are based on that document. *Brock v. Baskin–Robbins USA Co.*, 113 F.Supp.2d 1078, 1092 (E.D.Tex.2000). Plaintiff has not contested the authenticity of the article attached as an exhibit to the Statesman Defendants' Motion to Dismiss. Instead, he argues the article is still available on the internet site.

■ In Texas, the limitations period for libel and slander claims is one year. TEX. CIV. PRAC. & REM.CODE § 16.002. Texas applies the "single publication" rule in libel cases, which means the statute of limitations begins to run, on the last day of mass distribution to the public. *Stephenson v. Triangle Publ'n*, 104 F.Supp. 215, 216 (S.D.Tex.1952); *Williamson v. New Times, Inc.*, 980 S.W.2d 706, 710 (Tex. App.-Fort Worth 1998, no pet.). The rationale behind the single publication rule is that on the final date of distribution, "the publisher, editors and authors have done all they can to relinquish all right of control, title and interest in the printed matter." *Holloway v. Butler*, 662 S.W.2d 688, 690 (Tex.App.-Houston 1983, writ ref'd n.r.e.). Furthermore, the rule provides for certainty regarding the limitations tolling date; otherwise, publishers would have to worry about "continually extended limitations periods based upon retail sales or secondary distributions of the printed matter." *Id.* In *Holloway*, the Court of Appeals rejected the argument that limitations should begin to run when the allegedly libelous article "is removed from circulation." *Id.* at 692.

■ When applied to online publications, the single publication rule provides that limitations begin to run from the date an article is first posted and made available to the public on the internet. *Van Buskirk v. The New York Times*, 325 F.3d 87, 89 (2d Cir.2003); *Firth v. New York*, 98 N.Y.2d 365, 747 N.Y.S.2d 69, 775 N.E.2d 463, 465–67 (2002). Each court to address this question has reached the same conclusion: the statute of limitations begins to run when an article is first posted on the internet. *See, e.g., McCandliss v. Cox Enters., Inc.*, 265 Ga.App. 377, 593 S.E.2d 856, 858 (2004); *Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal.App.4th 392, 13 Cal.Rptr.3d 353, 361–62 (2004); *Lane v.*

*Strang Commc'n Co.,* 297 F.Supp.2d 897, 899–900 (N.D.Miss.2003).

■ As the article in question was published in print on April 13, 2005, and discussed on the air this same day, Plaintiff had one year from April 13, 2005, that is until April 13, 2006, to timely file his complaint for libel and slander against the Statesman Defendants and the KLBJ Defendants. TEX. CIV. PRAC. & REM.CODE § 16.002. The alleged comments made by Defendant Carter and Defendant John Doe # 1 would have occurred prior to the publication date. Plaintiff did not execute his original complaint [# 1] until April 10, 2007. Therefore, his claims for libel, slander, and defamation are barred by the statute of limitations.[2]

■ In addition, Plaintiff's claim against Defendant Carter in his official capacity is barred by sovereign immunity. Official capacity suits against federal employees are generally treated as suits against the United States. *Kentucky v. Graham,* 473 U.S. 159, 165–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). As sovereign, the United States is generally immune from suit except where it has expressly consented to be sued. *Saraw Partnership v. United States,* 67 F.3d 567, 569 (5th Cir.1995); *Truman v. United States,* 26 F.3d 592, 594 (5th Cir.1994). Absent such consent, any suit brought against the United States must be dismissed for lack of subject matter jurisdiction. *Truman,* 26 F.3d at 594. While the Federal Tort Claims Act waives immunity for negligent or wrongful acts of omissions of the Government's employees, it specifi-

cally excludes claims arising out of libel and slander. 28 U.S.C. § 2680(h).

### B. *Internal Revenue Code*

Plaintiff alleges the disclosure of his tax return information to the Statesman Defendants by Defendant Carter and the publication in the *Statesman* of information about his tax information violated section 6103 and section 7213[3] of the Internal Revenue Code. 26 U.S.C. §§ 6103, 7213.

Section 7431 of the Internal Revenue Code permits an action against the United States for damages for disclosure by a federal employee in violation of section 6103. 28 U.S.C. § 7431(a)(1). Section 7431(a)(1) provides: "If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." *Id.*

Section 7431 of the Internal Revenue Code also provides a taxpayer a private cause of action against a person who is not an officer or employee of the federal government who has violated section 6103. Section 7431(a)(2) states: "If any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 or in violation of section 6104(c), such taxpayer may bring a civil action for damages against such person in

---

**2.** Defamation is the act of injuring a person's reputation by making a false statement. Defamation can occur in two ways: by libel or slander. Libel is the written form of defamation, codified in TEX. CIV. PRAC. & REM.CODE § 73.001. Slander is the spoken form of defamation, which is not codified in Texas, but is

recognized at common law. *Cain v. Hearst Corp.,* 878 S.W.2d 577, 580 (Tex.1994).

**3.** Section 7213 provides a criminal penalty against individuals violating section 6103. Plaintiff lacks standing to bring an action under this section.

a district court of the United States." 28 U.S.C. § 7431(a)(2) (2006).

Section 6103 provides:

(a) General rule.—Returns and return information shall be confidential, and except as authorized by this title—

(1) no officer or employee of the United States,

(2) no officer or employee of any State, any local law enforcement agency receiving information under subsection (i)(7)(A), any local child support enforcement agency, or any local agency administering a program listed in subsection (l)(7)(D) who has or had access to returns or return information under this section or section 6104(c), and

(3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), paragraph (6), (12), (16), (19), or (20) of subsection (l), paragraph (2) or (4)(B) of subsection (m), or subsection (n),

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section.

26 U.S.C. § 6103(a) (2005). The Statesman Defendants are not employees or officers of the federal or state government. Section 6103 can only apply if the defendants are "other persons" who have access to tax records in the specific ways defined in section 6103(a)(3). The "other person" defined in subsection (e)(1)(D)(iii) is "any bona fide shareholder of record owning 1 percent or more of the outstanding stock of such corporation." 26 U.S.C. § 6103(e)(1)(D). "Other persons" in paragraph (6), (12), (16), (19), or (20) of subsection (l) have access to the records from "[d]isclosure of return information to Federal, State, and local child support enforcement agencies," "[d]isclosure of certain

taxpayer identity information for verification of employment status of medicare beneficiary and spouse of medicare beneficiary," "[d]isclosure of return information for purposes of administering the District of Columbia Retirement Protection Act of 1997," "[d]isclosure of return information for purposes of providing transitional assistance under medicare discount card program," and "[d]isclosure of return information to carry out medicare part B premium subsidy adjustment." *Id.* at § 6103(l)(6), (12), (19), (20). "Other persons" in paragraph (2) or (4)(B) of subsection (m) refers to the "[s]pecial rule for consumer reporting agency" and "[d]isclosure to educational institutions." *Id.* at § 6103(m). The "other person" in subsection (n) is defined as follows: "[p]ursuant to regulations prescribed by the Secretary, returns and return information may be disclosed to any person, including any person described in section 7513(a), to the extent necessary in connection with the processing, storage, transmission, and reproduction of such returns and return information, the programming, maintenance, repair, testing, and procurement of equipment, and the providing of other services, for purposes of tax administration." *Id.* at § 6103(n).

Plaintiff has not alleged the Statesman Defendants acted in any capacity described above, receiving confidential information from a government agency or official for the described reasons. *See Alpert v. Riley*, No. H–04–CV–3774, 2007 WL 963982 at *15 (S.D.Tex. Mar.29, 2007) (holding there was no evidence that any of the defendants, who were lawyers and accountants, acted as government contractors, receiving tax information from the government in the ways specified in section 6103). "[S]ection 6103 is a regulation of the conduct of those who in the course of their duties as government employees or contractors glean information from tax

returns. The regulation is prophylactic, proscribing disclosure by such an individual of any such information so obtained by him." *Johnson v. Sawyer,* 120 F.3d 1307, 1322 (5th Cir.1997) (citing *Johnson v. Sawyer,* 47 F.3d 716, 735 (5th Cir.1995) (en banc) (emphasis omitted)). Accordingly, Plaintiff's claims against the Statesman Defendants should be dismissed.

■ On the other hand, section 6103 does apply to Plaintiff's claim brought against Defendant Carter. However, a taxpayer's exclusive remedy for recovering damages arising from unauthorized disclosure of tax information by an officer or employee of the United States is the filing of a civil action against the United States. *Hobbs v. United States,* 209 F.3d 408, 411–12 (5th Cir.2000). Therefore, Plaintiff's claim against Defendant Carter in his individual capacity should be dismissed.

■ With respect to Plaintiff's claim brought against Defendant Carter in his official capacity Carter argues the source of the *Statesman* article was the Indictment, not Plaintiff's tax return information. Carter cites to the article, which frequently references the Indictment. However, he fails to provide the Court with any summary judgment evidence let alone summary judgment evidence to show the immediate source of the article was in fact the Indictment.

■ While much of the information mentioned in the article may be found in the Indictment, the Fifth Circuit does not recognize an exception for "public record" tax return information if the immediate source of such information was the taxpayer's return. *Johnson v. Sawyer,* 120 F.3d 1307 (5th Cir.1997) (holding, if tax return information is the immediate source for the information claimed to be wrongfully disclosed, it makes no difference that the information is neither private nor confiden-

tial). In *Johnson,* four items were wrongfully disclosed: Johnson's middle initial, his age, his home address, and his occupation. *Id.* at 1326.

Without summary judgment evidence the Court cannot begin to determine what was the immediate source of the *Statesman* article. As noted by Plaintiff, the Indictment identified Steven Dale Shanklin as the defendant, and the *Statesman* article identified Steven D. Shanklin as the defendant. According to Plaintiff, his tax return information uses Steven D. Shanklin. The article also included Plaintiff's age, which was not contained in the Indictment. Defendant Carter has not provided the Court with summary judgment evidence to show the immediate source of the information contained in the *Statesman* article was the Indictment. The *Statesman* article alone is insufficient to sustain Defendant Carter's burden of production. Accordingly, Defendant Carter, in his official capacity, is entitled to neither dismissal nor summary judgment.

### C. *Official Capacity Claims*

■ Plaintiff sues Defendants McKinnies, Carter, Fernald and John Does # 5–9 in their official and individual capacities for constitutional violations. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right. Official capacity suits against federal employees are generally treated as suits against the United States. *Kentucky v. Graham,* 473 U.S. 159, 165–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). However, suits against the United States brought under the civil rights statutes are barred by sovereign immunity. *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286

(5th Cir.1999). *Bivens* actions may be brought against defendants acting in their individual capacities only. *Id.* Therefore, to the extent Plaintiff sues these defendants in their official capacities, his claims are barred as a matter of law.

### D. *Illegal Summonses*

 Plaintiff accuses Defendant McKinnies of obtaining invalid summonses from 1999 until 2003. To the extent Plaintiff sues McKinnies in his individual capacity and his claim is cognizable his claim is barred by the applicable statute of limitations. There is no federal statute of limitations for *Bivens* actions. *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989). In Texas, the applicable limitations period is two years. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a). Plaintiff did not execute his original complaint until April 10, 2007, after the limitations period had already expired.

### E. *False Arrest and Imprisonment*

 Plaintiff accuses Defendants McKinnies and Fernald of falsely arresting and imprisoning him. *In Wallace v. Kato,* — U.S. ——, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), the Supreme Court recently concluded that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter ..." and that it would "refer to the two torts together as false imprisonment." *Id.* at 1095. The Court then noted that "[t]he sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process," and that "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment

ends." *Id.* at 1095–96. "Reflective of the fact that false imprisonment consists of detention without legal process, false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 1096.

Plaintiff was indicted on April 5, 2005. *United States v. Shanklin,* No. 1:05–CR–64–SS (W.D.Tex.) (docket sheet). Magistrate Judge Pitman ordered that a bench warrant be issued for Plaintiff on that same day. *Id.* The bench warrant issued on April 6, 2005, and Plaintiff was arrested the same day. *Id.* Plaintiff was brought before Magistrate Judge Pitman for his initial appearance the day of his arrest. *Id.* He was informed of his rights and bond was set at $5,000.00. *Id.* The latest Plaintiff's false arrest and imprisonment claims accrued was April 6, 2005. *Id.* Again, Plaintiff executed his original complaint on April 10, 2007, after the limitations period had expired. *Id.*

### F. *Conspiracy*

 Plaintiff alleges Defendants Carter, McKinnies, Fernald conspired against him because of his status as a "tax protestor." Section 1985(3) prohibits private conspiracies to deprive persons of equal protection of the laws. However, there must be "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). Section 1985(3) does not cover "conspiracies motivated by bias towards others on account of their economic views, status, or activities." *United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 838, 103 S.Ct. 3352, 3361, 77 L.Ed.2d 1049 (1983). Accordingly, Plaintiff has failed to allege an unlawful conspiracy.

█ Moreover, even if Plaintiff had alleged a valid conspiracy, Plaintiff's conspiracy claims are time-barred. Like section 1983, there is no federal statute of limitations for actions brought pursuant to section 1985. Again, federal courts borrow the forum state's general personal injury limitations period for such claims. *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987). As explained above, the applicable period in Texas is two years. Plaintiff complains of actions taken by Defendants McKinnies, Fernald, and Carter which occurred on or before April 6, 2005. As Plaintiff did not execute his original complaint until April 10, 2007, his claims are time-barred.

### G. *John Doe Defendants*

Plaintiff lists John Does 5–9 as defendants in this case. According to Plaintiff, these defendants are IRS agents and supervisors. Plaintiff asserts John Doe # 5 responded to his November 13, 2000 letter; John Doe # 6 responded to Plaintiff's November 14, 2000 letter; John Does # 7 and # 8 responded to Plaintiff's February 25, 2001 letters; and John Doe # 9 sent Plaintiff a demand letter, demanding Plaintiff submit a false and fraudulent Form 1040 for Tax Year 1999. all of the actions taken by John Does # 5–9 occurred prior to February 25, 2001. Plaintiff does not specifically allege what claims he is pursuing against these defendants. Whatever they may be, they would be time-barred as explained above.

### III. Conclusion

In accordance with the foregoing:

IT IS ORDERED that the Motion for Enlargement of Time, filed by Plaintiff on January 22, 2008, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant John Doe # 1 are DISMISSED WITHOUT PREJUDICE for want of prosecution.

IT IS FURTHER ORDERED that the Rule 12(b)(6) Motion to Dismiss, filed by Defendants Austin American–Statesman, Cox Enterprises, and Steven Kreytak on May 29, 2007, is GRANTED;

IT IS FURTHER ORDERED that the Motion to Dismiss or for Summary Judgment, filed by Defendants Fernald, McKinnies and Carter on October 1, 2007, is GRANTED IN PART AND DENIED IN PART;

IT IS FURTHER ORDERED that Plaintiff's defamation claim brought against Defendant Carter in his official capacity is DISMISSED WITHOUT PREJUDICE for want of jurisdiction;

IT IS FURTHER ORDERED that Plaintiff's defamation claims against Defendants Austin American–Statesman, Cox Enterprises, Steven Kreytak, KLBJ AM Newsradio 590, Emmis Austin Radio Broadcasting Co., LP, John Doe Nos. 2–4, and Defendant Carter in his individual capacity are DISMISSED WITH PREJUDICE as time-barred;

IT IS FURTHER ORDERED that Plaintiff's claims brought pursuant to the Internal Revenue Code against Defendants Austin American–Statesman, Cox Enterprises, and Steven Kreytak are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted;

IT IS FURTHER ORDERED that Plaintiff's claim brought pursuant to the Internal Revenue Code against Defendant Carter in his individual capacity is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted;

IT IS FURTHER ORDERED that Plaintiff's constitutional claims brought against Defendants Carter, McKinnies,

Fernald, and John Does # 5–9 in their official capacities are DISMISSED WITHOUT PREJUDICE for want of jurisdiction;

IT IS FURTHER ORDERED that Plaintiff's constitutional claims brought against Defendants Carter, McKinnies, Fernald, and John Does # 5–9 in their individual capacities are DISMISSED WITH PREJUDICE as time-barred; and

IT IS FINALLY ORDERED that the only claim remaining is Plaintiff's claim brought against Defendant Carter in his official capacity for violation of section 6103 of the Internal Revenue Code for which a trial will be set.