**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1091**

_____

TONY DE'ANGELO LOCKLEAR,

              Plaintiff – Appellant,

        v.

TOWN OF PEMBROKE, NORTH CAROLINA; MILTON R. HUNT, Mayor of
Pembroke, in his official and individual capacities; DWAYNE
HUNT, former Acting Chief of Police for the Town of
Pembroke, in his official and individual capacities;
MCDUFFIE CUMMINGS, Town Manager of Pembroke, in his official
and individual capacities; MARIE MOORE, Acting Town Manager,
in her official capacity; GREG CUMMINGS, individually and as
a member or former member of the Town Council of Pembroke,
North Carolina; RYAN SAMPSON, individually and as a member
or former member of the Town Council of Pembroke, North
Carolina; A. G. DIAL, individually and as a member or former
member of the Town Council of Pembroke, North Carolina;
LARRY BROOKS, individually and as a member or former member
of the Town Council of Pembroke, North Carolina; LARRY
MCNEILL, individually and as a member or former member of
the Town Council of Pembroke, North Carolina,

              Defendants – Appellees.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington. James C. Dever, III,
Chief District Judge.

_____

Submitted: June 13, 2013            Decided: July 2, 2013

_____

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

_____

1

Affirmed by unpublished per curiam opinion.

––––––––––

William L. Davis, III, Lumberton, North Carolina, for Appellant. Ann Smith, Paul Holscher, JACKSON LEWIS LLP, Cary, North Carolina, for Appellees.

––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In a civil action filed in North Carolina state court, plaintiff Tony Locklear alleged that the Town of Pembroke, North Carolina (the "Town"), and a number of the Town's officers and employees, wrongfully terminated him from the Town's police force. On appeal, Locklear contends that the district court erred in holding that the defendants properly removed Locklear's case to federal court, and, for a variety of reasons, incorrectly dismissed his action under Federal Rule of Civil Procedure 12(b)(6). As explained below, we affirm.

I.

Locklear joined the Town's police force in December 2005. In late 2008, he seized two ounces of cocaine while executing two search warrants. Locklear, who was responsible for securing and storing the cocaine, locked it in his office locker. The cocaine remained locked in the locker through at least the first full week of April 2009.

On April 20, 2009, Locklear went to check his locker and found the lock was missing. After inventorying the locker's contents, he determined that the two ounces of cocaine also were missing. Locklear reported the missing cocaine to Acting Police Chief Dwayne Hunt, who suspended Locklear pending investigation

into the missing drugs.  In a letter dated June 8, 2009, Hunt terminated Locklear.

On June 16, 2009, Locklear appealed his termination to the Town Council, which did not respond.  Fourteen months later, Locklear again sought a hearing to challenge his termination, which the Town Council denied.  In late 2010, the local district attorney's office informed Locklear that he had been eliminated as a suspect in the investigation into the missing cocaine.

Locklear filed the present action in North Carolina Superior Court on June 8, 2012, asserting claims for breach of contract, denial of procedural due process under the North Carolina Constitution and the Fourteenth Amendment, and wrongful termination.  Defendants removed the case to the United States District Court for the Eastern District of North Carolina, asserting federal jurisdiction under 28 U.S.C. § 1331.  Locklear unsuccessfully moved to have the case remanded to state court.

Thereafter, defendants moved to dismiss the action under Rule 12(b)(6).  The district court granted defendants' motion, concluding that Locklear's complaint "suffer[ed] from multiple incurable legal defects."  Locklear v. Town of Pembroke, N.C., No. 7:12-CV-201-D, 2012 WL 6701784, at *1 (E.D.N.C. Dec. 26, 2012).  Locklear appealed.

II.

A.

First, Locklear argues that removal was improper because his complaint did not state a federal cause of action. "We review questions of subject matter jurisdiction de novo, including those relating to the propriety of removal." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc) (internal quotation omitted).

Locklear's jurisdictional argument is belied by the plain language of his complaint, which claims on multiple occasions that defendants violated Locklear's rights under the Due Process Clause of the Fourteenth Amendment. See, e.g., J.A. 9 (stating that the complaint "is an action for damages . . . for violation of Plaintiff's Due Process Rights . . . under the State and Federal Constitution . . ."); J.A. 20 ("Defendants actions as set forth herein violated Plaintiff's procedural due process rights afforded by [the] Due Process Clause under the 14[th] Amendment of the U.S. Constitution."). Indeed, his brief concedes that he "made reference to the due process clause of the Fourteenth Amendment on the face of his complaint." Appellant's Br. at 24. Therefore, this argument is without merit.

B.

Next, Locklear argues that the district court erred in granting defendants' motion to dismiss under Rule 12(b)(6). We review de novo a district court's decision to dismiss an action under Rule 12(b)(6). In re Total Realty Mgmt., LLC, 700 F.3d 245, 250 (4th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). We may affirm a district court's dismissal of an action under Rule 12(b)(6) "on any basis fairly supported by the record." Total Realty Mgmt., 700 F.3d at 250 (quotation omitted).

Although Locklear's complaint asserted a number of causes of action, his appellate brief only challenges the dismissal of his due process claim under the North Carolina Constitution and his wrongful discharge claim. Therefore, he has waived any argument that the district court incorrectly disposed of his remaining claims. See Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 604 n.4 (4th Cir. 2010) (holding that argument was waived when it was not raised in appellant's opening brief).

Turning to his state procedural due process claim, Article I, Section 19 of the North Carolina Constitution,

6

commonly referred to as the "Law of the Land Clause," provides that "No person shall be . . . in any manner deprived of his life, liberty, or property, but by the law of the land." Locklear contends that defendants violated his rights under the Law of the Land Clause when they deprived him of his property interest in continued employment with the Town without giving him a meaningful opportunity to grieve his discharge.

Even assuming Locklear had a cognizable property interest in continued employment, his Law of the Land Clause claim fails because he had an "adequate state remedy."  In particular, under North Carolina law, a plaintiff may not assert a direct claim under the North Carolina Constitution if the plaintiff has an "adequate state remedy" at common law or under state statute. See, e.g., Copper ex rel. Copper v. Denlinger, 688 S.E.2d 426, 429 (N.C. 2010); Corum v. Univ. of N.C. Through Bd. of Govs., 413 S.E.2d 276, 289 (N.C. 1992).  And North Carolina courts have held that breach of contract is an adequate state remedy for a governmental employee claiming that he was denied procedural due process because he was terminated without being afforded the opportunity to go through the grievance procedures set out in

his employment contract.[*]  Ware v. Fort, 478 S.E.2d 218, 222 (N.C. App. 1996).

Regarding his wrongful discharge claim, Locklear theorizes that the defendants fired him for exercising his right to free speech and for reporting criminal misconduct.  As a threshold matter, we note that Locklear's wrongful discharge claim against the individual defendants fails because, under North Carolina law, a wrongful discharge claim may only be brought against an individual's employer, in this case the Town.  Iglesias v. Wolford, 539 F. Supp. 2d 831, 840 (E.D.N.C. 2008) (citing Houpe v. City of Statesville, 497 S.E.2d 82, 89 (N.C. App. 1998).

Turning to the merits of Locklear's wrongful discharge claim, under North Carolina law at-will employees, like Locklear, generally may be fired for any reason.  Coman v. Thomas Mfg. Co., Inc., 381 S.E.2d 445, 446 (N.C. 1989).  North Carolina courts recognize a narrow exception to this rule, precluding employers from firing employees for reasons that are contrary to "public policy."  Id. at 447.  In particular, a governmental employer, like the Town, may not fire an employee for exercising his right to speak freely on matters of public concern.  Corum, 413 S.E.2d at 289.  To establish a free speech

---

[*] We grant Locklear's motion under Federal Rule of Appellate Procedure 28 for leave to file a copy of the Town's personnel policies and procedures as an attachment to his brief.

8

wrongful discharge claim, a plaintiff must show that his speech was the "motivating" or "but for" cause of his termination. Evans v. Cowan, 510 S.E.2d 170, 175 (N.C. App. 1999).

We agree with the district court that Locklear's free speech claim fails because the complaint does not identify any speech, protected or otherwise, he engaged in that precipitated his termination. Locklear, 2012 WL 6701784, at *2. As for reporting criminal misconduct, Locklear identifies three instances where his supervisors directed him not to pursue a potentially meritorious investigation. But the complaint does not allege that he reported his supervisors' alleged misconduct to anyone or that any of these incidents "motivated" or were the "but for" cause of-or were even related to-his termination. Therefore, his wrongful termination claim also was properly dismissed.

III.

For the foregoing reasons, the district's decision is affirmed.

AFFIRMED

9