### GRAHAM v. NEW MEXICO EASTERN GAS CO.

#### No. 12862.

Court of Civil Appeals of Texas. Dallas.

April 27, 1940.

Rehearing Denied May 25, 1940.

Marshall McCullough, of Dallas, and Joe Burkett, of San Antonio, for appellant.

Scott Hughes and Willis L. Lea, Jr., both of Dallas, for appellee.

LOONEY, Justice.

Marion S. Graham, a feme sole, resident citizen of Bexar County, Texas, sued the New Mexico Eastern Gas Company, a Delaware corporation, doing business in this State under a permit, and maintaining its principal office and place of business in the City of Dallas, Dallas County, Texas, alleging that, she was the holder and owner of a certificate of 25 shares of the preferred stock of the Consumers Natural Gas Company, also a Delaware corporation, providing among other things, that: "In the event of any liquidation, dissolution or winding up of the affairs of the corporation, whether voluntary or involuntary, the holders of the Class A. Cumulative preference stock shall be entitled, before any assets of the corporation shall be distributed among or paid over to the holders of the common stock to be paid thirty dollars ($30.00) per share, together with a sum of money equivalent to the amount of any unpaid cumulative dividends accrued thereon. * * *", alleged to be $16 per share; alleging further that: "* * * the Consumers Natural Gas Company sold and transferred all of its assets to the defendant, New Mexico Eastern Gas Company, on or about March 30, 1938, and the defendant assumed all of the debts, duties and obligations of the Consumers Natural Gas Company; that at the time of such sale and transfer of the assets, properties and obligations of the Consumers Natural Gas Company, to the defendant, the defendant was informed and well knew that there was outstanding at that time * * *" a certificate for said 25 shares in the hands of plaintiff; praying judgment against the defendant Company, on its alleged assumption, for the value of her stock, $750, the accumulated dividends $400, and $200 attorney's fees.

Among other defenses, the defendant plead that, the matter in controversy "concerns claims of said plaintiff in her capacity as a stockholder of a foreign corporation, to-wit, Consumers Natural Gas Company, a Delaware corporation, and involves the internal affairs thereof, and that such claims and controversies are exclusively and properly cognizable before the courts of the said State of Delaware. Wherefore, defendant prays judgment that this court take no further cognizance of this suit."

The court sustained the plea and dismissed the cause (without prejudice to the

right to sue in the courts of Delaware) to which plaintiff excepted, gave notice of and perfected this appeal.

█ The sole question presented is, whether or not the trial court was correct in sustaining defendant's plea and dismissing the suit. The doctrine, we think, is well-settled in this state, as well as in the country over, that, it is not within the province of the courts of one state to undertake the supervision, direction or management of the affairs of a foreign corporation. See Royal Fraternal Union v. Lundy, 51 Tex.Civ.App. 637, 113 S.W. 185, 187, and the authorities cited; Zarate v. Ateca, Tex.Civ.App., 99 S.W.2d 628; 11 Tex.Jur. p. 192. The major reasons for the rule are stated in Fletcher's Cyc.Corps., Vol. 17, Sec. 8426, p. 374, as follows: "Two major reasons influence courts of chancery to refuse to interfere in the management of the internal affairs of a foreign corporation: First, because the rights arising between a corporation and its members out of such management depend upon the laws of the state under which the corporation is organized. Second, the courts of that state afford the most appropriate forum for adjudication upon the relation between the stockholders and the corporation, and frequently such courts alone possess jurisdiction and power adequate to the enforcement of all decrees that justice may require. A third reason sometimes assigned is that commonly neither the officers, the governing body, nor the records of the corporation, are within the reach of the decrees, orders or processes of any except the domiciliary courts."

█ Applying this doctrine to the facts of the instant case, we do not think it can be correctly said that, in order to try the issues presented it would be necessary to trench upon or violate the reasons underlying the doctrine, for, obviously, the alleged cause of action being ex contractu in nature, and controlled by the principles of the common law and not by the statute of the State of Delaware, trial of the cause would not necessarily require the presence of any officer or member of the governing body of the Consumers Natural Gas Company, or the production of any of its books or records; and if the relief sought should be granted, that is, judgment against the defendant for debt, its enforcement could be accomplished by the usual process issued and executed in such cases.

The certificate provides that, in the event the corporation is liquidated, dissolved, or its affairs wound up, either voluntarily or involuntarily, the holders of its certificates of the class here involved, would be entitled to be paid $30 per share for their stock, plus cumulated dividends, being precisely the amount alleged to be due and sued for.

█ As the Consumers Natural Gas Company sold and transferred all of its assets to the defendant Company, the event happened that matured the obligation evidenced by the certificate, and rendered it immediately actionable; that is, the sale of all its assets, in law, was tantamount either to a voluntary liquidation, dissolution, or winding up of its affairs. In 13 Am.Jur., p. 1163, Sec. 1293, the following pertinent rules are announced: "Voluntary Sale of Assets.—Unquestionably, all corporations are not under positive obligation to the state of their creation to carry on the business for which they are formed. Purely private corporations may, as a general rule, at any time put an end in fact to their transactions in whole or in part. They may, subject to the rights of creditors and a qualified right of minority dissenting stockholders, sell all the corporate property and after payment of the corporate debts distribute the balance among the stockholders, thereby in effect working a dissolution of the corporation."

█ By purchasing all the assets of the Consumers Natural Gas Company and assuming all its debts, duties and obligations (necessarily including the debt or obligation herein sued upon), the assumption being accepted by the plaintiff, as evidenced by the institution of the suit, the defendant company became the principal obligor, suable alone, without the necessity of making the selling company a party to the action. See Uvalde Const. Co. v. Lawrence, Tex.Civ.App., 93 S.W.2d 213, 216.

The action, being transitory in nature, was maintainable where the defendant was found, for, in the last analysis, the action is simply one for the recovery of debt against the principal obligor. It follows that, in our opinion, the court erred in sustaining the plea and dismissing the suit; therefore, the judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.