

# NUMBER 13-06-276-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALICIA LOPEZ, ET AL.,                                    Appellants,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, ET AL.,                                         Appellees.

On appeal from the 332nd District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Vela**
**Memorandum Opinion by Justice Yañez**

In a single issue, appellants[1] contend the trial court erred in sustaining a plea to the

jurisdiction filed by appellees, State Farm Mutual Automobile Insurance Company, State

---

[1] Appellants are Alicia Lopez, Adan Munoz, Jr., Juan Llanes, Diana Moreno, and Albert Alaniz.

Farm County Mutual Insurance Company of Texas, and Wendy L. Gramm (collectively "State Farm"). We affirm.

## Background

Appellants sued State Farm in a class action, contending that State Farm wrongfully failed to pay adequate dividends to its policyholders. The trial court certified the class; this Court affirmed the trial court's certification order.[2] The supreme court reversed and remanded to the trial court, instructing it to resolve State Farm's "dispositive issues," including State Farm's plea to the jurisdiction, prior to considering certification.[3]

On September 28, 2005, the trial court held a hearing on State Farm's plea to the jurisdiction. On February 23, 2006, the trial court granted the plea and dismissed appellants' cause without prejudice. Sometime thereafter, the trial court filed findings of fact and conclusions of law.[4] This appeal ensued.

## Standard of Review and Applicable Law

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claim asserted has merit.[5] A party may challenge a court's subject matter jurisdiction by filing a plea to the jurisdiction.[6] The plaintiff has the

---

[2] *See State Farm Mut. Auto Ins. Co. v. Lopez*, 45 S.W.3d 182, 185 (Tex. App.–Corpus Christi 2001), *rev'd*, 156 S.W.3d 550, 557 (Tex. 2004).

[3] *Lopez*, 156 S.W.3d at 557.

[4] The findings of fact and conclusions of law are signed by the trial judge, but are not dated. The record contains appellants' "Notice of Past Due Findings," filed March 24, 2006, noting that the deadline for filing the findings and conclusions was April 10, 2006.

[5] *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

[6] *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction.[7] We take as true the facts pleaded in the plaintiff's petition in determining whether those facts support jurisdiction in the trial court and we may review the entire record to determine if there is jurisdiction.[8] Indeed, a court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may also consider evidence, and must do so when necessary to resolve the jurisdictional issues raised.[9] When necessary, we will consider relevant evidence submitted by the parties to resolve the jurisdictional dispute if the plea to the jurisdiction implicates the merits of the plaintiff's cause of action and relevant evidence is submitted by the parties.[10] The reviewing court, however, should confine itself to the evidence relevant to the jurisdictional issue.[11]

We take as true all evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubts in the non-movant's favor.[12] If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the fact finder.[13] If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue,

---

[7] *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

[8] *Id.*

[9] *Bland*, 34 S.W.3d at 555; *see County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

[10] *Miranda*, 133 S.W.3d at 226 (citing *Bland*, 34 S.W.3d at 555).

[11] *Bland*, 34 S.W.3d at 555.

[12] *Miranda*, 133 S.W.3d at 228.

[13] *Id.* at 227-28; *Bland*, 34 S.W.3d at 555.

however, the trial court rules on the plea to the jurisdiction as a matter of law.[14] Whether the trial court properly granted the plea to the jurisdiction is a pure question of law which we examine under a de novo standard of review.[15]

Where, as here, a trial court holds an evidentiary hearing on a plea to the jurisdiction and dismisses a cause based on evidence presented and facts determined at the hearing, findings of fact and conclusions of law are appropriate.[16] A case is "tried" when there is an evidentiary hearing before the court upon conflicting evidence.[17]

In an appeal from a bench trial, the trial court's findings of fact "have the same force and dignity as a jury's verdict upon questions."[18] The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer.[19] Unchallenged findings of fact are binding on an appellate court unless the contrary is established as a "matter of law" or there is "no evidence" to support the finding.[20] Our review of unchallenged findings is confined to whether the evidence is legally sufficient to

---

[14] *Miranda*, 133 S.W.3d at 227-28; *Bland*, 34 S.W.3d at 555.

[15] *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007) (citing *Miranda*, 133 S.W.3d at 226).

[16] *Hernandez v. Tex. Dep't of Ins.*, 923 S.W.2d 192, 194 (Tex. App.–Austin 1996, no writ).

[17] *Besing v. Moffitt*, 882 S.W.2d 79, 81 (Tex. App.–Amarillo 1994, no writ).

[18] *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex. 1991).

[19] *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Anderson*, 806 S.W.2d at 794.

[20] *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex. 1986).

4

support them.[21]  Generally, attacks on the sufficiency of the evidence supporting findings of fact "must be directed at specific findings of fact, rather than at the judgment as a whole."[22]

Evidence is legally sufficient if it "would enable reasonable and fair-minded people to reach the verdict under review."[23]  In evaluating the evidence's legal sufficiency, "we credit evidence that supports the verdict if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not."[24]  In addition, the trial court as fact finder determines the credibility of the witnesses and the weight to be given their testimony.[25]

A party may not challenge conclusions of law for factual sufficiency, but we may review conclusions of law to determine their correctness based upon the facts.[26]  We will uphold a conclusion of law if the judgment can be supported on any legal theory supported

---

[21] *See McGalliard,* 722 S.W.2d at 696; *see also Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (explaining that the "matter of law" legal-sufficiency standard applies when adverse findings are challenged by a party who, for the finding in issue, had the burden of proof); *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983) (explaining that the "no evidence" legal-sufficiency standard applies when an adverse finding is challenged by an appellant who did not have the burden of proof for the finding).

[22] *De Arrellano v. State Farm Fire & Cas. Co.*, 191 S.W.3d 852, 855 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (citing *Zagorski v. Zagorski*, 116 S.W.3d 309, 319 (Tex. App.–Houston [14th Dist.] 2003, pet. denied)).

[23] *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

[24] *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006) (citing *City of Keller*, 168 S.W.3d at 827); *see Am. Interstate Ins. Co. v. Hinson*, 172 S.W.3d 108, 114 (Tex. App.–Beaumont 2005, pet. denied).

[25] *McGalliard*, 722 S.W.2d at 697; *see City of Keller*, 168 S.W.3d at 819.

[26] *Citizens Nat'l Bank v. City of Rhome*, 201 S.W.3d 254, 256 (Tex. App.–Fort Worth 2006, no pet.).

5

by the evidence.[27] We review conclusions of law de novo,[28] and we will not reverse them unless they are erroneous as a matter of law.[29]

## Analysis

Appellants do not challenge—generally or specifically—the trial court's findings of fact and conclusions of law.[30] Instead, they simply argue that (1) pursuant to the principles of stare decisis and "law-of-the-case," this Court has already held that the trial court had subject-matter jurisdiction, and (2) the trial court should not have treated State Farm's plea to the jurisdiction as a motion for summary judgment. We disagree on both counts.

We begin by addressing appellants' contention that the principles of stare decisis and law-of-the-case are applicable. Appellants make this assertion in the "Summary" section of their brief, but cite no authority and make no argument regarding how these principles are applicable. We conclude appellants waived any argument as to the application of these principles as inadequately briefed.[31] Moreover, we note that on remand, State Farm argued to the trial court that it lacked jurisdiction because (1) appellants lacked standing and (2) dismissal of the case was proper based on the internal affairs doctrine. This Court did not address lack of standing in our prior decision.[32] As to

---

[27] *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Tex. Dept. of Public Safety v. Stockton*, 53 S.W.3d 421, 423 (Tex. App.–San Antonio 2001, pet. denied).

[28] *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996).

[29] *Stockton*, 53 S.W.3d at 423.

[30] We also note that at the hearing on the plea to the jurisdiction, State Farm presented testimony and numerous exhibits. Appellants presented no testimony or evidence.

[31] *See* TEX. R. APP. P. 38.1(h).

[32] *See Lopez,* 45 S.W.3d at 182.

the internal affairs doctrine, the supreme court held that it was one of the "significant choice-of-law issues" that the trial court failed to consider when it certified the class, and accordingly, was one of the reasons we erred in affirming the certification order.[33]

Secondly, appellants argue that the trial court improperly treated State Farm's plea to the jurisdiction as a motion for summary judgment. We disagree. As noted, State Farm contends the trial court properly held that appellants lack standing. In *Bland*, the Texas Supreme Court held that "[s]tanding is a prerequisite to subject-matter jurisdiction" and "[t]he absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment."[34] The court further noted that "because a court must not act without determining that it has subject-matter jurisdiction to do so, it should hear evidence as necessary to determine the issue before proceeding with the case."[35]

Here, in reversing the trial court's certification order, the supreme court stated, "[i]f it is true, as State Farm contends, that no class member can state a viable claim, dispositive issues should be resolved by the trial court before certification is considered."[36] In accordance with the supreme court's instruction, the trial court considered State Farm's evidence and argument that appellants lacked standing, a "dispositive issue." We

---

[33] *See Lopez,* 156 S.W.3d at 156. We also note that under the law-of-the-case doctrine, a decision rendered on an issue before an appellate court does not absolutely bar reconsideration of the same issue on a second appeal. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003) (citing *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)).

[34] *Bland*, 34 S.W.3d at 553-54.

[35] *Id.* at 554.

[36] *Lopez*, 156 S.W.3d at 557.

7

conclude the trial court did not err in "hear[ing] evidence as necessary to determine the issue [of standing] before proceeding with the case."[37]

## Findings of Fact and Conclusions of Law

The trial court provided extensive findings of fact and conclusions of law. As noted, unchallenged findings of fact are binding on this Court unless the contrary is established as a matter of law or no evidence supports the finding.[38] We recite the trial court's findings and conclusions in their entirety:

Findings of Fact

1. Plaintiffs are five policyholders of State Farm Mutual Automobile Insurance Company ("State Farm").

2. State Farm is a mutual insurance company, incorporated and headquartered in Illinois.

3. As a mutual insurance company, State Farm has no shareholders. State Farm has policyholders, each of whom is entitled to the rights set forth in their policy.

4. Plaintiffs' insurance policies provide that each policyholder shall "participate, to the extent and upon the conditions fixed and determined by the Board of Directors in accordance with the provisions of law, in the distribution of dividends so fixed and determined."

5. The Texas Department of Insurance mandated this dividend-participation language for use in insurance policies issued in Texas by all mutual insurance companies. The Texas Department of Insurance takes the position that this language does not create an obligation on the insurance company to pay dividends.

6. Texas Department of Insurance Rule 5.102(e) applies to State Farm. The Rule prohibits an insurance company from promising dividends to policyholders.

---

[37] *See Bland*, 34 S.W.3d at 556.

[38] *De Arrellano*, 191 S.W.3d at 855.

8

7. State Farm's bylaws provide that the board "may" authorize such refunds or credits to policyholders "as may, in their judgment, be proper, just and equitable."

8. Mutual insurance policyholders are not investors. They buy insurance. Mutual insurance policyholders do not purchase the right to receive dividends, only the right to participate in dividends, if any, on terms and conditions fixed by the board.

9. Each Plaintiff received the insurance he or she bought.

10. Each Plaintiff has participated in dividends declared by the State Farm board on terms and conditions fixed by the board.

11. Each plaintiff was unaware when he or she first became a State Farm policyholder that dividends were even a possibility. None of the policyholders relied on the contract language when they purchased their policies.

12. Plaintiffs admit that no representations concerning dividends were made other than those contained in the insurance contract and State Farm bylaws.

13. The witnesses and records relevant to State Farm's dividend decisions are located at State Farm's corporate offices in Bloomington, Illinois.

14. State Farm's board makes its decisions whether to issue dividends and in what overall amount on a national basis. State Farm's directors decide how to allocate dividends among the policyholders of different states primarily by analysis of data concerning results and trends in all states.

15. None of the Plaintiffs are, or have been, policyholders of State Farm County Mutual Insurance Company.

Conclusions of Law

1. Standing is a subject matter jurisdiction requirement. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993).

2. When named plaintiffs lack standing at the time the suit is filed, their lack of standing deprives the court of subject matter jurisdiction not only over their individual claims but also over their claims on behalf of a proposed class. *M.D. Andersen Cancer Center v. Novak*, 52 S.W.3d 704, 711 (Tex. 2001).

3. On the face of Plaintiffs' pleadings, no plaintiff has standing to sue State Farm on any of the four theories that Plaintiffs pled.

4. Under the language of Plaintiffs' insurance policies, State Farm does not have a contractual duty to pay any particular amount of dividends to Plaintiffs. *See, e.g., Equitable Life Assur. Soc. v. Brown*, 213 U.S. 25, 47 (1909); *Lubin v. Equit able Life Assur. Soc.*, 61 N.E.2d 753, 760 (Ill. App. Ct. (1945).

5. State Farm does not have a fiduciary duty to pay any particular amount of dividends to Plaintiffs. The relationship between a mutual insurance company and its policyholders is contractual, not fiduciary, and the insurer owes no duties to the policyholders other than those stated in the policy. *See, e.g., Equitable Life Assur. Soc. v. Brown*, 213 U.S. 25, 47 (1909); *Lubin v. Equit able Life Assur. Soc.*, 61 N.E.2d 753, 760 (Ill. App. Ct. (1945).

6. Plaintiffs cannot plead a cause of action for malicious suppression against State Farm for three independent reasons:

(a) State Farm's only duties relating to the payment of dividends are stated in its insurance policy, which does not promise or require any particular amount of dividends. *See, e.g., Equitable Life Assur. Soc. v. Brown*, 213 U.S. 25, 47 (1909); *Lubin v. Equitable Life Assur. Soc.*, 61 N.E.2d 753, 760 (Ill. App. Ct. (1945).

(b) Malicious suppression of dividends is a cause of action that can only be asserted by a minority shareholder against a majority shareholder for abuse of his controlling position to the detriment of the minority. *Patton v. Nicholas*, 279 S.W.2d 848, 854 (Tex. 1955); *Duncan v. Lichtenberger*, 671 S.W.2d 948, 951 (Tex. App.–Fort Worth 1984, writ ref'd n.r.e.); *Schirmer v. Bear*, 672 N.E.2d 1171, 1174 n.1 (Ill. 1996).

(c) A malicious suppression of dividends claim cannot be brought against a publicly regulated company. *Patton v. Nicholas*, 279 S.W.2d 848, 857 (Tex. 1955). As an insurance company, State Farm is highly regulated.

7. Plaintiffs cannot maintain a cause of action for fraud against State Farm relating to payment of dividends for two reasons:

(a) A misrepresentation is an element of a cause of action for fraud. The only representations relied upon by Plaintiffs are the representations contained in State Farm's insurance policies and bylaws. State Farm's bylaws and contract lawfully cannot and on their face do not, promise dividends, only a right to participate in whatever dividends the board of directors "may, in their judgment" declare.

(b) Reliance on material misrepresentations is an element of a cause

of action for fraud. *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex. 1988); *Small v. Sussman*, 713 N.E.2d 1216, 1221 (Ill. App. 1999). Plaintiffs have not pled and cannot plead reliance on any representations by State Farm concerning dividends.

8. Plaintiffs also lack standing because they have no injury that is fairly traceable to State Farm's alleged breaches of duties. Plaintiffs received the insurance they purchased and participated in dividends on terms and conditions fixed by the State Farm Board. *Polaris Indus. Inc. v. McDonald*, 119 S.W.3d 331, 338-40 (Tex. App.–Tyler 2003, no pet.).

9. Standing also requires that the court be able to redress the injuries complained of by the Plaintiffs. *Brown v. Todd*, 53 S.W.2d 297, 305 (Tex. 2001).

10. No Texas court could properly grant relief concerning the dividend decisions of State Farm on the allegations and admissions in this case under the internal affairs doctrine. The internal affairs doctrine recognizes that only one State should have the authority to regulate a corporation's internal affairs, such as the relationships between the corporation and its shareholders, and that State is the State of its incorporation or domicile. *Edgar v. MITE Corp.*, 457 U.S. 624 (1982).

11. Texas has adopted the internal affairs doctrine by statute. TEX. BUS. CORP. ACT art. 8.02(A).

12. Plaintiffs' suit, seeking court-ordered payment of "reasonable" dividends, as determined by the jury, for past years and "annually hereafter" (Third Amended Petition at p. 22), is subject to the internal affairs doctrine. *See, e.g., State Farm Mut. Auto. Ins.Co. v. Superior Court*, 114 Cal. App. 4th 434, 8 Cal. Rptr. 56 (Cal. App. 2003).

13. On the basis of the internal affairs doctrine, dismissal of this case for lack of jurisdiction and on forum non conveniens grounds is appropriate. *See, e.g., Graham v. New Mex. E. Gas Co.*, 141 S.W.2d 389, 391 (Tex. Civ. App.–Dallas 1940, no writ); *Lubin v. Equitable Life Assur. Soc.*, 61 N.E.2d 753, 758-60 (Ill. App. 1945).

14. It would be fundamentally unfair to State Farm and contrary to the public interest for Texas, instead of Illinois, to entertain any suit to compel payment of dividends by State Farm. Illinois is an available forum for any State Farm policyholder. Allowing a Texas court to second-guess the State Farm board's national dividend decisions would impermissibly burden interstate commerce, and adversely affect policyholders in other states by decreasing the money available to pay their claims.

11

15. Alternatively, as a choice of law doctrine, the internal affairs doctrine requires application of Illinois law on the business judgment rule as applied to claims for court-ordered dividends. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Superior Court*, 114 Cal. App. 4th 434, 8 Cal. Rptr. 56 (Cal. App. 2003).

16. Under Illinois law, no order or judgment enjoining, restraining or interfering with the prosecution of the business" [sic] of an insurance company "shall be made or granted otherwise than upon the complaint of the Director" of Insurance for Illinois "represented by the Attorney General" of Illinois." [sic] 215 Ill. Comp. Stat. 5/201. This statute bars suits such as that brought by Plaintiffs here. *Barnes v. State Farm Mut. Auto. Ins. Co.*, 20 Cal. Rptr. 2d 87 (Cal. Ct. App. 1993).

17. Plaintiffs lack standing to sue State Farm County Mutual Insurance Company because no Plaintiff is or was a policyholder of State Farm County Mutual Insurance Company.

18. Plaintiffs lack standing to sue former State Farm director Wendy Gramm for the same reasons they lack standing to sue State Farm and for the following additional reasons:

(a) A corporate officer or director may not be held liable for the corporation's breach of contract unless he or she acts in bad faith or is guilty of a conflict of interest. *Reyna v. First Nat'l Bank in Edinburg*, 55 S.W.3d 58, 70 (Tex. App.–Corpus Christi 2001, no pet.). Plaintiffs do not claim that Ms. Gramm acted in bad faith or is guilty of conflict of interest.

(b) As a director, Ms. Gramm owed no fiduciary duty to shareholders, only to the corporation itself. *Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex. App.–Houston [14th Dist.] 1997, pet. denied).

(c) Plaintiffs do not claim that Ms. Gramm or any other individual director made any individual representations to them, fraudulent or otherwise, concerning dividends.

(d) No court order compelling a single former member of State Farm's board of directors could cause State Farm to issue dividends, so the relief Plaintiffs seek cannot be achieved by any order against Ms. Gramm.

19. Plaintiffs' lack of standing cannot be cured by repleading.

In an appeal from a non-jury trial, an attack on the sufficiency of the evidence must

be directed at specific findings of fact, rather than at the judgment as a whole.[39] Here, appellants have not challenged—either generally or specifically—the sufficiency of the evidence supporting any of the trial court's findings or conclusions. Failure to cite authority or provide substantive analysis waives an issue on appeal.[40] We conclude appellants waived any challenge to the trial court's findings of fact and conclusions of law by failing to address them.[41]

## Conclusion

We overrule appellants' sole issue and affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 30th day of June, 2008.

---

[39] *Id.*

[40] *See* TEX. R. APP. P. 38.1(h); *Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 284 (Tex. 1994); *Ahrenhold v. Sanchez*, 229 S.W.3d 541, 543 (Tex. App.–Dallas 2007, no pet.).

[41] *See* TEX. R. APP. P. 38.1(h).